Electronically Filed - JEFFERSON - April 16, 2025 - 02:08 PM

**IN THE CIRCUIT COURT OF JEFERSON COUNTY, MISSOURI**

Mark Carr,

      Plaintiff,

v.

Dierbergs Markets, Inc.,

Case No. 25JE-CC00333

<u>Serve at:</u> Robert J. Dierberg
16690 Swingley Ridge Road
Chesterfield, MO 63017

    Defendant.

## AMENDED CLASS ACTION PETITION

Plaintiff Mark Carr ("Plaintiff"), individually and for all others similarly situated, files this Class Action Petition against Defendant Dierbergs Markets, Inc. ("Defendant") and in support states:

### PARTIES

1.    At all relevant times, Plaintiff was and is a Missouri citizen residing in Missouri.

2.    Defendant is a Missouri corporation with its principal place of business in Missouri.

3.    Defendant conducts, and at all relevant times, has conducted business in Jefferson County.

### JURISDICTION & VENUE

4.    This Court has personal jurisdiction over Defendant because the acts and/or omissions which are the subject of this litigation occurred in Missouri, and Defendant regularly conducts business in Missouri.

5.    Venue is proper in Jefferson County, Missouri under §§ 407.025 and/or 508.010.

Electronically Filed - JEFFERSON - April 16, 2025 - 02:08 PM

## NATURE OF THE CASE & GENERAL ALLEGATIONS

6.      Plaintiff sues individually and for a class of people who were charged state sales tax on propane gas or wood (the "Products") purchased for domestic use in violation of Missouri law.

7.      Section 144.030 states that "all sales of. . . natural, artificial or propane gas, wood, coal. . .for domestic use" are exempt from state and local sales tax.

8.      Section 144.030(2) defines "domestic use" as "that portion of. . . propane gas, wood, coal. . .which an individual occupant of a residential premises uses for nonbusiness, noncommercial, or nonindustrial purposes."

9.      Defendant has and continues to charge a state and/or local sales tax on the Products purchased for domestic use.

10.      Plaintiff brings this class action individually and for all people who purchased the Products at any Defendant store in Missouri, or online from Defendant for Missouri delivery, that were charged state or local sales tax on the Products.

## PLAINTIFF'S TRANSACTIONS

11.      On or about April 14, 2025, Plaintiff purchased propane from Defendant's location at 450 Old Smizer Mill Road, Fenton, Missouri 63026.

12.      The subtotal of the April 14, 2025 purchase was $63.99.

13.      The total amount Plaintiff was charged for the April 14, 2025 purchase was $69.26, which included $5.27 as a "tax."

14.      On or about April 16, 2025, Plaintiff purchased propane and wood from Defendant's location at 860 Arnold Commons Drive, Arnold, Missouri 63010.

15.      The subtotal of the April 16, 2025 purchase was $69.96.

Electronically Filed - JEFFERSON - April 16, 2025 - 02:08 PM

16.     The total amount Plaintiff was charged for the April 16, 2025 purchase was $77.38, which included $7.42 as a "tax."

17.     Plaintiff's purchases from Defendant were for domestic use.

## CLASS ALLEGATIONS

18.     Plaintiff sues under Missouri Supreme Court Rule 52.08 to remedy Defendant's ongoing and unlawful practices of charging sales tax on the purchase of the Products for domestic, noncommercial use, and seeks redress for all similarly situated people.

19.     Plaintiff sues for the following class (the "Class"):

All individuals who Defendant charged sales tax for a purchase of the Products.

20.     Plaintiff reserves the right to modify the Class definition during this litigation based on information learned from this litigation, discovery, or otherwise. Plaintiff reserves the right individually or for the Court to determine whether certification of other classes or subclasses are appropriate.

21.     Certification of Plaintiff's claims for classwide treatment is appropriate because Plaintiff can prove the elements of the claims using the same evidence used to prove those elements in individual actions alleging the same claims.

22.     *Numerosity*: Rule 52.08(a)(1): The members of the Class are so numerous their individual joinder of all Class members is impracticable. Plaintiff is informed and believe there are hundreds, and likely thousands, of members of the Class based on the size of the market for the Products and Defendant's share of that market, but the precise number of Class members is unknown to Plaintiff.

23.     *Commonality and Predominance*: Rule 52.08(a)(2) and (b)(3): This action involves common questions of law and fact which predominate over questions affecting individual Class

3

Electronically Filed - JEFFERSON - April 16, 2025 - 02:08 PM

members, including, without limitation:

a.  Whether Defendant charged and collected a sales tax on the Products?

b.  Whether charging and collecting sales tax on purchases of the Products was an unlawful practice?

c.  Whether charging and collecting sales tax on purchases of the Products was an unfair practice?

d.  Whether charging and collecting sales tax on purchases of the Products generated a profit for Defendant?

e.  Whether Plaintiff and Class members are entitled to damages or equitable relief, and the proper measure of those damages or equitable relief?

f.  Whether Plaintiff and Class members have the right to declaratory, equitable, and/or injunctive relief?

g.  Whether Defendant's conduct and practices violate the Missouri Merchandising Practices Act, §§ 407.010, RSMO, et seq. ("MMPA")?

h.  Whether Defendant's charging of sales tax on the purchase of the Products is unlawful under the MMPA?

i.  How would a reasonable consumer act considering all the circumstances surrounding the purchase of the Products?

j.  Whether Defendant's unlawful method, act, or practice under § 407.020 would cause a reasonable person to purchase the Products?

24.  *Typicality*: Rule 52.08(a)(3): Plaintiff's claims are typical of the other Class Members' claims because, among other things, all Class members were similarly injured through Defendant's wrongful conduct as described above. Plaintiff suffered damages as a direct proximate result of the same wrongful practices in which Defendant engaged.

25.  *Adequacy*: Rule 52.08(a)(4): Plaintiff is an adequate class representative because Plaintiff's interests do not conflict with the interests of the other members of the Class she seeks to represent; Plaintiff has hired counsel competent and experienced in complex class action litigation; and Plaintiff intends to prosecute this action vigorously. Plaintiff and counsel will fairly and adequately protect the Class's interests.

26.  *Declaratory Relief*: Rule 52.08(b)(2): Defendant has acted or refused to act on

Electronically Filed - JEFFERSON - April 16, 2025 - 02:08 PM

grounds generally applicable to Plaintiff and the other members of the Class, thus making declaratory relief appropriate, regarding the Class.

27.    *Superiority*: Rule 52.08(b)(3): A class action is superior to any other available means for the fair and efficient adjudication of this controversy and no unusual difficulties are likely to be encountered in managing this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, so it would be impracticable for the members of the Class to individually seek redress for Defendant's wrongful conduct. Even if Class members could afford individual litigation, such litigation creates a potential for inconsistent or contradictory judgments. It increases the delay and expense to all parties and the court system. By contrast, a class action is suited and intended to manage such difficulties and provide the benefits of uniform and common adjudication, economy of scale, and comprehensive supervision.

28.    This action is maintainable as a class action under Rule 52.08 of the Missouri Rules of Civil Procedure and under § 407.025.

## TOLLING OF ALL APPLICABLE STATUTES OF LIMITATIONS
### *Fraudulent Concealment Tolling*

29.    All applicable statutes of limitation have been tolled by Defendant's knowing and active fraudulent concealment and denial of the facts alleged throughout the period relevant to this action.

30.    Rather than disclose the truth about the taxability of the Products, Defendant falsely represented the Products as products that require the charging and collection of sales tax.

### *Estoppel*

31.    Defendant was under a continuous duty to disclose to Plaintiff and the other Class

Electronically Filed - JEFFERSON - April 16, 2025 - 02:08 PM

members the taxability of the Products.

32.    Defendant knowingly, affirmatively, and actively concealed the taxability of the Products.

33.    Based on the foregoing, Defendant is estopped from relying on any statutes of limitations in defense.

## COUNT I—VIOLATIONS OF THE MISSOURI MERCHANDISING PRACTICES ACT

34.    Plaintiff incorporates by reference all preceding paragraphs of this Petition as if set forth herein.

35.    The MMPA protects both consumers and competitors by promoting fair competition in commercial markets for goods and services.

36.    The MMPA makes unlawful the "act, use or employment by any person of any deception, fraud, false pretense, misrepresentation, unfair practice, or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce." § 407.020.

37.    Plaintiff, individually and for the Class, has the right to bring this action under § 407.025, which provides: "Any person who purchases … merchandise primarily for personal, family or household purposes and thereby suffers an ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by section 407.020, may bring a private civil action … to recover actual damages."

38.    Under § 407.025, the court may award punitive damages, attorney's fees, and equitable relief.

39.    Defendant is a "person" within the meaning of § 407.010(5) of the MMPA.

Electronically Filed - JEFFERSON - April 16, 2025 - 02:08 PM

40.    Plaintiff and other Class members are "persons" under the MMPA.

41.    The MMPA applies to Defendant's conduct alleged in this action because it protects consumers in transactions intended to result, or which have resulted in the sale of goods.

42.    The MMPA defines "merchandise" as any objects, wares, goods, commodities, intangibles, real estate, or services.

43.    At all relevant times, the Products were "merchandise," as defined by § 407.010(4).

44.    At all relevant times, Defendant's sales of the Products met the definition of "sale" as defined by § 407.010(6).

45.    Defendant's advertising, offering for sale, and sale of the Products is considered "trade" or "commerce" in the State of Missouri within the meaning of § 407.010(7).

46.    The Missouri Attorney General has promulgated regulations defining the meaning of unfair practice as used in the MMPA. Specifically, Mo. Code Regs. Tit. 15, § 60-8.020, provides an unfair practice is any practice which (a) offends any public policy as it has been established by the Constitution, statutes, or common law of this state, or by the Federal Trade Commission, or its interpretive decisions; or (b) is unethical, oppressive, or unscrupulous; and presents a risk of, or causes, substantial injury to consumers. Proof of deception, fraud, or misrepresentation is not required to prove unfair practices as used in § 407.020.1.

47.    Missouri case law provides that the MMPA's "literal words cover *every practice imaginable and every unfairness to whatever degree*." *Conway v. CitiMortgage, Inc.*, 438 S.W.3d 410, 416 (Mo. banc 2014). The MMPA's "plain and ordinary meaning of the words themselves . . . are unrestricted, all-encompassing and exceedingly broad." *Id*. at 240.

48.    Defendant engaged in practices that are unfair, unconscionable, deceptive, and/or fraudulent in the sale of the Products.

Electronically Filed - JEFFERSON - April 16, 2025 - 02:08 PM

49.     Defendant violated, and continues to violate, the MMPA.

50.     Plaintiff and the Class acted as reasonable consumers would when purchasing the Products considering all the circumstances.

51.     Defendant's methods, acts, and/or practices that are unlawful under the MMPA would cause a reasonable person to purchase the Products.

52.     As a direct and proximate result of Defendant's improper conduct, Plaintiff and the other members of the Class have suffered damages and ascertainable losses of moneys, by paying sales taxes on the Products.

53.     Plaintiff's damages are sufficiently definite and may be established with objective evidence to let the loss be calculated with reasonable certainty.

54.     Defendant's actions constituted, and continue to constitute, illegal, deceptive practices in violation of Mo. Rev. Stat. § 407.020.1 because they were and are deception, fraud, false pretense, false promise, misrepresentation, unfair practice and/or concealment, suppression, or omission of material fact in connection with the sale of merchandise in trade or commerce, within the meaning of the MMPA.

55.     Defendant's actions violated—and continue to violate—the MMPA because they were and are unfair practices as that term is defined in Mo. Code Regs. Tit. 15, § 60-8.020.

56.     Plaintiff and the Class have suffered ascertainable loss due to the unfair and deceptive practices described in this Count.

57.     Plaintiff and the Class seek actual damages for all monies paid in violation of Missouri Revised Statutes § 144.030.

58.     Appropriate injunctive relief is necessary to prevent Defendant's MMPA violations from continuing. If Defendant's violations of the MMPA are not stopped by such injunctive relief,

Electronically Filed - JEFFERSON - April 16, 2025 - 02:08 PM

Plaintiff and the Class will continue to suffer injury by being charged sales tax on the Products purchased for domestic use.

59.     The conduct of Defendant was malicious, corrupt, and intentional and/or reckless to a degree sufficient to support an award of punitive damages against Defendant.

## COUNT II—UNJUST ENRICHMENT

60.     Plaintiff incorporates by reference all preceding paragraphs of this Petition as if set forth herein.

61.     The focus of an unjust enrichment claim is whether the defendant was unjustly enriched. At the core of Missouri's law are two elements: (1) the defendant received a benefit from the plaintiff; and (2) it would be unfair for the defendant to keep that benefit without compensating the plaintiff.

62.     As alleged above, Defendant charged and collected sales tax on the Products purchased for domestic use in violation of Missouri law.

63.     Defendant has been unjustly enriched because they received and retained the benefit of funds to which they were not entitled and received in violation of Missouri law.

64.     Such funds were conferred on Defendant by Plaintiff and the Class members under a mistake of fact due to Defendant's misrepresentations and unlawfully obtained to the detriment of Plaintiff and the Class.

65.     Defendant's retention of these funds is unjust because Defendant was not permitted to collect sales tax on these purchases under Missouri law.

66.     Letting Defendant retain these benefits violates principles of justice, equity, and good conscience.

67.     Because Defendant's retention of the non-gratuitous benefit conferred on it by Plaintiff and all Class members is unjust and inequitable, Defendant must pay restitution to Plaintiff and the Class members for Defendant's unjust enrichment, as ordered by the Court.

## COUNT III—MONEY HAD AND RECEIVED

68.     Plaintiff incorporates by reference all preceding paragraphs of this Petition as if set forth herein.

69.     Defendant has received money from Plaintiff and the Class by charging sales tax rate on the Products purchased for domestic use in violation of Missouri law, which in equity and good conscience ought to be returned to Plaintiff and the Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and for all other Class members, respectfully request that the Court enter judgement in their favor and against Defendant:

a.  Certifying the Class with Plaintiff as class representative;

b.  Appointing Plaintiff's counsel as class counsel;

c.  Enter judgment for Plaintiff and the Class and against Defendant for all available damages and pre-judgment interest, post judgment interest and costs incurred in suing under Counts I–III;

d.  Award Plaintiff and the Class all expenses incurred in the litigation and require Defendant to pay the costs and expenses of class notice and administration;

e.  Award disgorgement and/or restitution to Plaintiff and the Class under Counts II–III;

f.  Awarding declaratory and injunctive relief as permitted by law or equity including a preliminary and permanent injunction enjoining Defendant from continuing the unlawful practices as set forth herein, specifically the charging of sales tax on the

Electronically Filed - JEFFERSON - April 16, 2025 - 02:08 PM

Electronically Filed - JEFFERSON - April 16, 2025 - 02:08 PM

Products purchased for domestic use and disgorgement of unlawfully collected sales taxes for the Products;

g.  Requiring Defendant to pay restitution/damages to restore all funds acquired with any act or practice declared by this Court to be an unlawful, unfair, or fraudulent business act or practice, untrue or misleading advertising in violation of the above-cited authority, plus pre and post-judgment interest;

h.  Awarding pre-judgment and post-judgment interest under Counts I–III;

i.  Award attorney's fees and costs; and

j.  Provide such other and further relief as the Court deems just and proper.

**ONDERLAW, LLC**

By:     */s/ Jesse B. Rochman*
        Martin L. Daesch, #40494
        Jesse B. Rochman, #60712
        Craig W. Richards, #67262
        Kaitlin A. Carpenter, #74599
        110 E. Lockwood Ave. 407.010
        St. Louis, MO 63119
        (314) 963-9000 (telephone)
        (314) 963-1700 (facsimile)
        daesch@onderlaw.com
        rochman@onderlaw.com
        richards@onderlaw.com
        carpenter@onderlaw.com
        *Attorneys for Plaintiff*