UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| Mark Allen Carr, | |
| Plaintiff, | |
| vs. | Case No. 4:25-cv-832 |
| Dierbergs Markets, Inc., | |
| Defendant. | |

## Reply to Support Motion to Remand

### 1. Introduction

This case is not a border dispute. It is a Missouri dispute. Every transaction occurred in Missouri. The parties are Missouri citizens. Defendant is a Missouri corporation headquartered in Missouri. The governing law is Missouri law. And under Missouri law, plaintiffs cannot plead punitive damages at this stage.

Dierbergs opens with the sweeping claim that "this case belongs in federal court" because CAFA "sets a low bar." That is only half the story—and a misleading half. Congress enacted CAFA in 2005 to expand federal jurisdiction over "interstate class actions of national importance." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013). This case is the opposite. CAFA does not reach parochial disputes over Missouri sales taxes in Missouri stores.

Dierbergs has tried to pry this purely local case into federal court by speculation about Illinois shoppers and inflated estimates of actual and punitive damages. But CAFA demands proof, not guesswork. On both minimal diversity and the amount in controversy, Dierbergs falls short. And even if Dierbergs cleared those hurdles, the CAFA exceptions apply.

1

## 2. Analysis

CAFA places the burden on Dierbergs to prove jurisdiction by a preponderance of the evidence. *Lizama v. Victoria's Secret Stores, LLC*, 36 F.4th 762, 765–66 (8th Cir. 2022); *Waters v. Ferrara Candy Co.*, 873 F.3d 633, 636 (8th Cir. 2017) ("[T]he amount in controversy is not established by a preponderance of the evidence if a court must resort 'to conjecture, speculation, or star gazing.'") Dierbergs has not met that burden. Its removal rests on two pillars—punitive damages and out-of-state customers. Both collapse under scrutiny. At removal, punitive damages were neither pleaded nor legally recoverable under Missouri law. And Dierbergs supports its claim of minimal diversity only by "information and belief," not competent proof.

Even if the Court overlooks those defects, CAFA's exceptions independently require remand. Congress created them to keep cases like this—disputes between Missouri consumers and a Missouri retailer about Missouri sales taxes—in Missouri courts.

### 2.1. Plaintiff did not—and could not—plead Punitive damages, so they cannot count toward CAFA's $5 million threshold.

Dierbergs concedes it cannot meet CAFA's amount-in-controversy requirement without punitive damages. Its fallback is to claim this Court has "consistently held" that § 510.261.5 is irrelevant in federal court. (Doc. 26 at 6, citing *Ryan v. United Recovery & Remarketing, LLC*, 2022 WL 1421517, at *2 (E.D. Mo. May 5, 2022) (motion to strike); *Johnson v. Valvoline, Inc.*, 2025 WL 708645, at *4 (E.D. Mo. Mar. 4, 2025) (motion to strike); *Aubuchon v. Tate Trucking, LLC*, 2024 WL 4285880, at *5 (E.D. Mo. Sept. 25, 2024) (motion to dismiss); *Davis v. ALS Express Trucking, Inc.*, 2022 WL 3153712, at *2 (E.D. Mo. Aug. 8, 2022) (motion to strike)).

But none of the cases Dierbergs cites involved remand, CAFA, or subject-matter jurisdiction. Each involved plaintiffs who had pleaded punitive damages. And each ruling came after federal jurisdiction was secure.

Jurisdiction is different. It's fixed at removal. As the Supreme Court and Eighth Circuit have long held, "the jurisdiction of the court depends upon the state of things at the time of the action brought." *Wullschleger v. Royal Canin U.S.A., Inc.*, 75 F.4th 918, 922 (8th Cir. 2023), *aff'd*, 604 U.S. 22 (2025) (quoting *Mollan v. Torrance*, 22 U.S. (9 Wheat.) 537, 539 (1824)).

Three recent remand decisions in this District apply that timing principle directly. Each held that because Missouri law forbids punitive damages in an initial petition, punitive damages cannot count toward the amount in controversy at removal:

- *Ahmad v. Panera Bread Co.*, 2021 WL 5447000, at *6 (E.D. Mo. Nov. 16, 2021) ("Under Mo. Rev. Stat. § 510.261.5 (2020), effective for all cases filed on or after August 28, 2020, a party may not seek punitive damages in an initial pleading…. When Panera removed the case to this Court, therefore, recovery of punitive damages *at the time of removal* was legally impossible under Missouri law since the petition – filed in February 2021 – could not plead such a claim.") (Emphasis original).

- *Lizama v. Michaels Stores, Inc.*, 2022 WL 1302760, at *3 (E.D. Mo. Apr. 29, 2022) (same).

- *Helterbrand v. Procter & Gamble Co.*, 2021 WL 8202680, at *3 (E.D. Mo. Sept. 22, 2021) ("While it is possible that Helterbrand may seek leave to add a claim of punitive damages at some point in the litigation, in accordance with Mo. Rev. Stat. § 510.261.5, I must look to the amount in controversy *at the time of removal* when deciding whether jurisdiction exists.") (Emphasis added).

This case is the same. Plaintiff's petition did not—and could not—plead punitive damages or any amount sought, and no motion to amend was pending. Dierbergs doesn't dispute this. That made punitive damages legally impossible at removal. *Ahmad*, *Helterbrand*, and *Lizama* hold that a court cannot include those damages in the jurisdictional analysis.[1] Without them, the alleged amount in controversy falls well below CAFA's $5 million threshold.

Even if §§ 509.200 and 510.261.5 were irrelevant (they're not), courts don't count punitive damages here. Plaintiff alleged no facts that could support them under the MMPA. *Waters v. Ferrara Candy Co.*, 2017 WL 2618271, at *3 (E.D. Mo. June 16, 2017), *aff'd*, 873 F.3d 633 (8th Cir. 2017). Dierbergs points to a bare allegation of "malicious, corrupt, and intentional and/or reckless" conduct. (Doc. 7 ¶ 59). But punitive damages require facts showing "outrageous" conduct driven by "evil motive or reckless indifference." *Hurst v. Nissan N. Am., Inc.*, 2013 WL 65466, at *4 (W.D. Mo. Jan. 4, 2013), *aff'd*, 511 F. App'x 584 (8th Cir. 2013). And Dierbergs itself told this Court in its motion to dismiss that Plaintiff alleged no such facts. (Doc. 23 at 4 n.1).

Because Plaintiff didn't plead punitive damages, Missouri law makes them unrecoverable. *Waters*, 2017 WL 2618271, at *4.[2] And where punitive damages are not recoverable, they cannot inflate the amount in controversy. *Id.*

---

[1] Dierbergs dismisses *Ahmad* in a footnote, claiming it "did not analyze whether Rule 8 and § 510.261.5 conflict." (Doc. 26 at 6 n.5). But that conflict is irrelevant to the jurisdictional analysis, which "depends upon the state of things at the time of the action brought." *Wullschleger*, 75 F.4th at 922. Indeed, while Dierbergs asserts that both §§ 509.200 and 510.261.5 "conflict" with Rule 8, it ignores that the Eighth Circuit itself applied § 509.200 in affirming remand. *Waters*, 873 F.3d at 636.

[2] Dierbergs claims the district court in *Waters* "incorrectly imposed a 'heightened pleading requirement' for punitive damages." (Doc. 26 at 8 n.6). But *Waters* was not an outlier—it applied the same Rule 9(b) particularity standard this Court has long required for MMPA claims. See *Pfitzer v. Smith & Wesson Corp.*, 2014 WL 636381, at *3 (E.D. Mo. Feb. 18, 2014) (Ross, J.) ("Rule 9(b)'s particularity requirements apply with equal force to state consumer fraud statutes as they do to common law fraud claims."); *see also Vogt v. K&B Auto Sales, LLC*, 2022 WL 2340570, at *3 (E.D. Mo. June 29, 2022) ("MMPA claims must satisfy the particularity requirement of Rule 9(b).")

4

The bottom line is clear: without punitive damages, the "total amount in controversy reasonably expected at the time of removal" is around $700,000 (Doc. 1 ¶¶ 30, 32)—a fraction of CAFA's $5 million requirement. *Ahmad*, 2021 WL 5447000, at *7.

### 2.2. Dierbergs offers speculation, not evidence, to inflate the amount in controversy.

Dierbergs' removal fails for another reason: it provides no competent proof to support its punitive-damages calculations. That alone defeats its burden under CAFA. (Doc. 16 at 7–8).

Dierbergs has also shifted its story. At removal, it claimed the class period "could plausibly encompass" five years, yielding about $500,000 in compensatory damages and $200,000 in attorneys' fees. (Doc. 1 ¶¶ 29, 30, 32). Plaintiff pointed out that under Missouri law, even assuming a five-to-one punitive multiplier, Missouri law caps the total at $4.2 million—well short of CAFA's threshold. (Doc. 16 at 7).

Now, Dierbergs stretches the class period to twenty years, claiming $750,274.65 in taxes and $300,109.86 in fees, and then posits at least a 4:1 ratio. (Doc. 26 at 10–11). Even if that timeline were plausible—it's not—Dierbergs still cites no authority to support its inflated figures. No similar cases. No verdicts. No data showing that routine sales-tax charges have ever produced punitive awards on this scale. Just speculation.

To excuse its lack of proof, Dierbergs misreads *Schott v. Overstock.com, Inc.*, 2021 WL 148875 (E.D. Mo. Jan. 15, 2021). (Doc. 16 at 11). *Schott* did not reject the need for similar cases; it rejected a plaintiff's claim that similar cases were not enough without more evidence. 2021 WL 148875, at *5. Judge Schelp (the same judge in *Schott*) later explained in *Crawford v. thyssenkrupp Materials NA, Inc.*, 2021 WL 4843957, at *3 (E.D. Mo. Oct. 18, 2021), that defendants

5

may rely on similar cases—but when they cite none—as Dierbergs has done here—they fail to prove jurisdiction by a preponderance of the evidence.

The same was true in *Holzum v. Wal-Mart Stores, Inc.*, 2018 WL 3826679, at *3–4 (E.D. Mo. Aug. 10, 2018), where the court found the defendant's calculations to hit the $5 million mark were "based upon speculation, assumptions and false comparisons." Dierbergs has done the same.

The facts alleged here—routine consumer transactions involving a misapplied tax—do not plausibly support punitive damages anywhere near Dierbergs' estimates. Without evidence, Dierbergs cannot meet its burden. CAFA demands proof. Star gazing won't do.

### 2.3. Dierbergs relies on "information and belief," not proof, to allege minimal diversity.

CAFA requires minimal diversity—at least one class member must be a citizen of a different state than the defendant. 28 U.S.C. § 1332(d)(2), (6); *Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 165 (2014).

Dierbergs doesn't identify a single out-of-state class member. Instead, it alleges "upon information and belief" that one exists. (Doc. 1 ¶ 24). That's not proof. And courts in this District have rejected such allegations repeatedly. *See, e.g.*, *Haas as Tr. of Bira Rabushka Living Tr. v. Rabushka*, 2023 WL 6879663, at *2 n.1 (E.D. Mo. Oct. 18, 2023); *Gunapt Dev., L.L.C. v. Peine Lakes, L.P.*, 2021 WL 3737273, at *1 (E.D. Mo. Aug. 24, 2021).

Dierbergs asks the Court to ignore these cases because they are "run-of-the-mill, non-CAFA diversity jurisdiction cases" involving a "presumption against federal jurisdiction" that doesn't apply to CAFA removal. (Doc. 26 at 2–3). That misses the point. The rule applied in *Haas* and *Gunapt* doesn't depend on any presumption. It comes from Rule 8(a): conclusory assertions made "upon information and belief" are not factual allegations sufficient to establish citizenship. *Gunapt*, 2021 WL 3737273, at 1*; Monaghan v. State Farm Fire & Cas. Co.*,

6

2025 WL 1413768, at *1 (E.D. Mo. May 15, 2025). And having its genesis in Rule 8(a), it applies with equal force in CAFA cases. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014).

Because Dierbergs has not proved minimal diversity with competent facts, its removal under CAFA cannot stand.

**2.4. CAFA exceptions keep this case in Missouri.**

Even if Dierbergs could establish minimal diversity and $5 million in controversy—which it cannot—CAFA's local controversy exception requires remand. *See* 28 U.S.C. § 1332(d)(4)(A); *Been v. Kliethermes*, 2020 WL 2064043, at *3 (E.D. Mo. Apr. 29, 2020). The "interests of justice" exception also justifies remand. 28 U.S.C. § 1332(d)(3); *Speed v. JMA Energy Co., LLC,* 872 F.3d 1122 (10th Cir. 2017).

All the statutory factors are satisfied. (Doc. 16 at 9–11). Dierbergs disputes only one: citizenship of the class. (Doc. 26 at 12–13). But the record points in one direction—Missouri. The class definition limits claims to purchases at Missouri stores or for Missouri delivery. Defendant is a Missouri corporation headquartered in Missouri. The conduct occurred entirely in Missouri. This is the textbook example of a "local controversy" Congress meant to keep in state court.

If the Court concludes otherwise and finds the record incomplete, the Court should order jurisdictional discovery, not assume jurisdiction. *Pudlowski v. St. Louis Rams, LLC*, 839 F.3d 963, 964–65 (8th Cir. 2016). Dierbergs admits it has demographic data from its delivery partners, customer surveys, and other interactions that identify where its customers live. (Doc. 1-3 ¶¶ 6–7). Combined with last-known addresses and contact information, that data could be sampled to determine class citizenship. *Hood v. Gilster–Mary Lee Corp.*, 785 F.3d

263, 266 (8th Cir. 2015); *McAllister v. St. Louis Rams, LLC*, 2018 WL 1410236, at *3–4 (E.D. Mo. Mar. 21, 2018).

This case checks every box for CAFA's exceptions. At best, Dierbergs' arguments raise factual questions about citizenship. Those questions justify discovery—not federal jurisdiction.

### 3. Attorney's Fees

Dierbergs' removal rested on speculation, not proof. It relied on punitive damages that Missouri law barred at the time of removal. It alleged out-of-state class members without evidence. Neither theory meets CAFA's standard, and together they show removal lacked an objectively reasonable basis.

Under 28 U.S.C. § 1447(c), courts award fees when removal lacks factual or legal support. That is the case here. *Been*, 2020 WL 2064043, at *3 (awarding fees where CAFA removal relied on conjecture rather than competent proof).

Because Dierbergs forced Plaintiff to brief and argue a baseless removal, the Court should award fees and costs under § 1447(c).

### 4. Conclusion

Dierbergs has not carried its burden under CAFA. Missouri law barred punitive damages at removal, so the Court cannot count them toward the amount in controversy. Its figures rest on speculation piled on speculation. Its minimal-diversity allegations rely only on "information and belief." And even if the Court could somehow overlook those defects, CAFA's exceptions keep this case in Missouri.

CAFA demands proof. Dierbergs has offered only conjecture. This Court should grant Plaintiff's motion to remand and award Plaintiff the fees and costs incurred in opposing removal under 28 U.S.C. § 1447(c).

                                                                       ONDERLAW, LLC

By: */s/ Martin L. Daesch*
Martin L. Daesch, #40494
Jesse B. Rochman, #60712
110 E. Lockwood Ave.
St. Louis, MO 63119
(314) 963-9000 (telephone)
(314) 963-1700 (facsimile)
daesch@onderlaw.com
rochman@onderlaw.com
*Attorneys for Plaintiff*

## Certificate of Service

    I certify that on September 10, 2025, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

                                                                                                        */s/ Martin L. Daesch*