**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARK CARR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cv-00832-JAR |
| | ) | |
| DIERBERGS MARKETS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Mark Carr's motion to remand. ECF No. 15. Defendant Dierbergs Markets, Inc.'s filed a response in opposition to the motion and the parties exchanged further replies. Defendant filed a motion to dismiss. ECF No. 22. Plaintiff filed a response in opposition, to which Defendant filed a reply. The issues are fully briefed. For the reasons set forth below, Plaintiff's motion to remand and Defendant's motion to dismiss will be stayed pending the completion of limited jurisdictional discovery.

**I.     Background**

Plaintiff filed this lawsuit against Defendant in the Circuit Court of Jefferson County, Missouri on behalf of himself and "for a class of people who were charged state sales tax on propane gas or wood . . . purchased for domestic use in violation of Missouri law." ECF No. 7 at 2. Plaintiff's amended petition specifies that this class action is "for all people who purchased [these products] at any Defendant store in Missouri, or online from Defendant for Missouri delivery, that were charged state or local sales tax on [these products]." *Id*. Plaintiff alleges that all "applicable statutes of limitation have been tolled by Defendant's knowing and active fraudulent concealment and denial of the facts alleged throughout the period relevant to this action." *Id*. at 5. Plaintiff asserts claims of violations of the Missouri Merchandising Practices

Act ("MMPA"), unjust enrichment, and money had and received. *Id*. at 6-10. Plaintiff alleges that pursuant to "§ 407.025, the court may award punitive damages, attorney's fees, and equitable relief" and that the " conduct of Defendant was malicious, corrupt, and intentional and/or reckless to a degree sufficient to support an award of punitive damages against Defendant." *Id*. at 6, 9.

Defendant timely removed the case to this Court under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). ECF No. 1 at 2. Plaintiff moved to remand the case to Circuit Court of Jefferson County, Missouri, arguing that federal jurisdiction is lacking because the amount in controversy is below CAFA's $5 million threshold, Defendant failed to plausibly allege minimal diversity, and the local controversy exception to CAFA is applicable. ECF No. 15 at 1. Defendant filed a response in opposition to Plaintiff's motion to remand. ECF No. 26. Plaintiff filed a reply. ECF No. 27. Defendant then filed a surreply. ECF No. 31. Defendant also filed a motion to dismiss for failure to state a claim upon which relief can be granted. ECF No. 22. Plaintiff filed a response in opposition to Defendant's motion to dismiss. ECF No. 24. Defendant then filed a reply. ECF No. 25. The Court will address Plaintiff's motion to remand at this time, because it must determine whether subject matter jurisdiction exists in this case.

## II.    Discussion

There is federal jurisdiction under CAFA if the following three conditions are satisfied: (1) the proposed class exceeds 100 members, (2) minimal diversity exists, and (3) more than $5 million is in controversy. 28 U.S.C. § 1332(d); *Plubell v. Merck & Co.*, 434 F.3d 1070, 1071 (8th Cir. 2006). "When a plaintiff contests the amount in controversy after removal, the party seeking to remove under the Class Action Fairness Act must establish the amount in controversy by a preponderance of the evidence." *Brunts v. Walmart, Inc.*, 68 F.4th 1091, 1094 (8th Cir. 2023).

There are exceptions to CAFA including the local-controversy exception, in which "a district court must decline to exercise jurisdiction over a class action in which more than two-thirds of the class members in the aggregate are citizens of the state in which the action was originally filed, at least one defendant . . . is a citizen of the state in which the class action was originally filed, the principal injuries were incurred in the state in which the action was filed, and no other class action alleging similar facts was filed in the three years prior to the commencement of the current class action." *Westerfeld v. Indep. Processing, LLC*, 621 F.3d 819, 822 (8th Cir. 2010) (quoting 28 U.S.C. § 1332(d)(4)(A)). "The party seeking remand on this basis has the burden to establish that the exception applies." *Kitchin v. Bridgeton Landfill, LLC*, 3 F.4th 1089, 1093 (8th Cir. 2021). Any doubt about the applicability of CAFA's local-controversy exception should be resolved against the party who seeks remand. *Hargett v. RevClaims, LLC*, 854 F.3d 962, 965 (8th Cir. 2017).

**<u>Minimal Diversity</u>**

Plaintiff asserts that Defendant has failed to plausibly allege minimal diversity.[1] In its notice of removal, Defendant alleges "upon information and belief" that at least one class member is a citizen of another state. ECF No. 1 at 5. Plaintiff argues that is legally insufficient, as "information and belief" cannot establish citizenship for jurisdictional purposes. *See, e.g.*, *Haas as Tr. of Bira Rabushka Living Tr. v. Rabushka*, 4:23-cv-1304-RLW, 2023 WL 6879663, at *2 n.1 (E.D. Mo. Oct. 18, 2023); *Gunapt Dev., L.L.C. v. Peine Lakes, L.P.*, No. 4:20-CV-1778-MTS, 2021 WL 3737273, at *1 (E.D. Mo. Aug. 24, 2021).

In response, Defendant maintains that it easily satisfies the minimal diversity requirement. Defendant argues that because there "is no presumption against federal jurisdiction

---

[1] Plaintiff does not dispute that the proposed class exceeds 100 members.

in class action cases," *Brunts v. Walmart, Inc.*, 68 F.4th 1091, 1094 (8th Cir. 2023), Plaintiff's reliance on *Haas* and *Gunapt*, non-CAFA cases, is misplaced. Defendant asserts that of Plaintiff's alleged hundreds or even thousands of class members, at least one is a citizen of another state. Defendant has produced a declaration from its CFO, Gerard Bava, attesting that two of its Missouri stores are within three miles of Illinois, that many Illinoisians shop at these stores, and that many Kansans and Arkansans shop at its Lake of the Ozarks store. ECF No. 26-1 at 2-3. Defendant contends that it has established by reasonable inference that there is minimal diversity. *See Brunts*, 68 F.4th at 1094 (explaining that federal jurisdiction can be established using "reasonable inferences").

Plaintiff's reply counters that the rule applied in *Haas* and *Gunapt* does not depend on a presumption against federal jurisdiction, but rather on the rule that conclusory assertions made "upon information and belief" are not factual allegations sufficient to establish citizenship. *Gunapt*, 2021 WL 3737273 at 1; *Monaghan v. State Farm Fire and Cas. Co.*, No. 4:25-CV-00346-MTS, 2025 WL 1413768, at *1 (E.D. Mo. May 15, 2025). Plaintiff notes that Federal Rule of Civil Procedure 8(a) applies with equal force in CAFA cases. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014).

The Court finds that Defendant has plausibly alleged minimal diversity. *Haas*, *Gunapt*, and *Monaghan* are inapposite because they are non-CAFA cases that applied a presumption against federal jurisdiction. Indeed, "no antiremoval presumption attends cases invoking CAFA, a statute Congress enacted to facilitate adjudication of certain class actions in federal court." *Id.* at 82. The Court recognizes that Rule 8(a) applies in this proceeding, but it does not follow that Defendant's allegation regarding minimal diversity is inadequate. A removing defendant can establish federal jurisdiction with specific factual allegations "combined with reasonable

4

deductions, reasonable inferences, or other reasonable extrapolations." *Waters v. Ferrara Candy Co.*, 873 F.3d 633, 636 (8th Cir. 2017). On the other hand, a defendant cannot rely on "conjecture, speculation, or star gazing." *Id*. Defendant's CFO's declarations provide specific factual allegations that out-of-state shoppers frequent Defendant's Missouri stores. ECF No. 1-3 at 2-3, ECF No. 26-1 at 2-3. A reasonable inference can thus be made that at least one potential class member is a citizen of a state other than Missouri. Accordingly, Defendant has plausibly alleged minimal diversity.

### Amount in Controversy

#### 1. Applicability of Mo. Rev. Stat. §§ 510.261.5 and 509.200

Plaintiff argues that the $5 million amount-in-controversy requirement cannot be met because Missouri law does not allow requests for punitive damages in initial petitions. Mo. Rev. Stat. § 510.261.5. Plaintiff maintains that where punitive damages are not pleaded and cannot be pleaded, they are excluded from the amount in controversy. *Ahmad v. Panera Bread Co.*, No. 4:21-CV-311-CDP, 2021 WL 5447000, at *6 (E.D. Mo. Nov. 16, 2021); *Waters v. Ferrara Candy Co.*, No. 4:17-CV-00197-NCC, 2017 WL 2618271, at *3 (E.D. Mo. June 16, 2017), *aff'd*, 873 F.3d 633 (8th Cir. 2017). Plaintiff contends that punitive damages were not recoverable when Defendant removed the case, so they cannot be included in the jurisdictional analysis. Excluding punitive damages, Plaintiff concludes the alleged amount in controversy is only approximately $700,000. Plaintiff also states that three recent remand decisions applying Missouri law held punitive damages cannot count toward the amount in controversy at removal. *Ahmad*, 2021 WL 5447000 at *6; *Lizama v. Michaels Stores, Inc.*, No. 4:21-CV-01133-HEA, 2022 WL 1302760, at *3 (E.D. Mo. Apr. 29, 2022); *Helterbrand v. Procter & Gamble Co.*, No. 4:21-CV-855-RWS,

5

2021 WL 8202680, at *3 (E.D. Mo. Sept. 22, 2021). Moreover, Plaintiff asserts that the Eighth Circuit applied § 509.200 in affirming remand. *Waters*, 873 F.3d at 636.

Defendant counters that courts in this District have consistently held that § 510.261.5 does not apply in federal court proceeding; therefore, Plaintiff is free to plead punitive damages, and it was legally possible to recover punitive damages at the time of removal. *See, e.g., Raskas v. Johnson & Johnson*, 719 F.3d 884, 888 (8th Cir. 2013). Defendant also argues that Mo. Rev. Stat. § 509.200, which requires petitions to state the amount of punitive damages sought to be recovered, conflicts with Rule 8 and does not apply. Plaintiff included a brief statement showing entitlement to punitive damages in his petition as required by Rule 8, so Defendant asserts that Plaintiff's omission of the amount of punitive damages sought to be recovered does not make it "legally impossible" to recover punitive damages. *Raskas*, 719 F.3d at 888; *see, e.g., Pirozzi v. Massage Envy Franchising, LLC*, 938 F.3d 981, 984 (8th Cir. 2019); *Schott v. Overstock.com, Inc.*, No. 4:20-CV-00684-MTS, 2021 WL 148875, at *4 (E.D. Mo. Jan. 15, 2021).

The Court finds that § 510.261.5 conflicts with Rule 8 and is inapplicable in this action. The Eighth Circuit has not addressed whether § 510.261 applies in federal court, but district courts have consistently held that it does not pursuant to *Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010). *See, e.g., Johnson v. Valvoline, Inc.*, No. 4:24-CV-00972-JAR, 2025 WL 708645, at *3 (E.D. Mo. Mar. 4, 2025) ("[E]very time this Court and the Federal District Court for the Western District of Missouri have addressed the issue of whether [§ 510.261.5] or [Rule 8] controls whether allegations of punitive damages are properly pleaded in a plaintiff's complaint, the courts have determined that Rule 8 controls."); *Maldonado v. MNS1 Express, Inc.*, No. 1:23-CV-00202-SNLJ, 2025 WL 2022790, at *1 (E.D. Mo. July 18, 2025) ("In federal court, Rule 8—not [§ 510.261.5]—applies to procedural issues regarding the pleading

standard and the content of a complaint."); *Aubuchon v. Tate Trucking, LLC*, No. 4:24-CV-189-HEA, 2024 WL 4285880, at *5 (E.D. Mo. Sept. 25, 2024); *Contreras v. MC 1 Transport, LLC*, No. 1:23-CV-221-SNLJ, 2024 WL 1110961, at *1 (E.D. Mo. Mar. 14, 2024). The Court will not depart from this District's consistent application of *Shady Grove* that Rule 8, not § 510.261.5, is controlling for procedural issues regarding the pleading standard and the content of a complaint.

Plaintiff asserts that the time-of-filing rule eliminates the possibility of punitive damages because this action was initiated in state court, where § 510.261.5 bars requests for punitive damages in initial petitions. However, in similar contexts in which plaintiffs claimed punitive damages in initial state court pleadings prior to removal to federal court, courts in this District have permitted punitive damages claims to move forward pursuant to Rule 8. *See, e.g., Mason v. Robinson*, No. 4:22-CV-649-HEA, 2023 WL 2913574, at *3 (E.D. Mo. Apr. 12, 2023) (finding that "the pleading requirements in this case are governed by [Rule 8] and not by [§ 510.261.5]"); *Bextermueller News Distributors v. Lee Enterprises, Inc.*, No. 4:22-CV-00344-SPM, 2023 WL 2187465, at *7 (E.D. Mo. Feb. 23, 2023) (same); *Kilburn v. Autosport Acquisitions, LLC*, No. 1:20-CV-211-ACL, 2021 WL 307550, at *2 (E.D. Mo. Jan. 29, 2021) (same).

Plaintiff cites multiple cases that ostensibly applied § 510.261.5. These cases, however, did not address Rule 8's conflict with § 510.261.5. And in each of them, the plaintiffs' petitions omitted claims of punitive damages. *Lizama*, 2022 WL 1302760 at *3 ("Plaintiff's Petition does not seek punitive damages either by claim or in amount."); *Helterbrand*, 2021 WL 8202680 at *3 ("Punitive damages were not sought in the petition. As a result, they cannot be considered at this stage."); *Ahmad*, 2021 WL 5447000 at *6 ("The petition here does not seek punitive damages either by claim or in amount. Unclaimed punitive damages are therefore not considered in determining the amount in controversy."). These decisions appear to rest in large part on the

basis that the petitions did not seek punitive damages. Whereas in the instant action, Plaintiff's petition alleges that the MMPA allows a court to award punitive damages and that Defendant's conduct "was malicious, corrupt, and intentional and/or reckless to a degree sufficient to support an award of punitive damages against Defendant." ECF No. 7 at 9. To the extent these decisions appear to find that § 510.261.5 applies in federal court, the Court will only note that such a finding is incompatible with the overwhelming majority of rulings in this District. In any event, these cases are outliers and ultimately unpersuasive on this front.

Likewise, § 509.200 conflicts with Rule 8 and is inapplicable here. As with § 510.261.5, the analysis involves the application of *Shady Grove*. The Supreme Court in *Shady Grove* instructs that "[a] federal court exercising diversity jurisdiction should not apply a state law or rule if (1) a Federal Rule of Civil Procedure 'answer[s] the same question' as the state law or rule and (2) the Federal Rule does not violate the Rules Enabling Act." *Abbas v. Foreign Policy Grp., LLC*, 783 F.3d 1328, 1333 (D.C. Cir. 2015) (quoting *Shady Grove*, 559 U.S. at 398-99). "Courts need not 'wade into *Erie*'s murky waters' when the Federal Rule satisfies both requirements." *Kilburn*, 2021 WL 307550 at *2 (quoting *Shady Grove*, 559 U.S. at 398.).

The relevant inquiry is whether the Federal Rules conflict with § 509.200 by "answering the same question" in a different way, and if so, whether application of the Federal Rules would violate the Rules Enabling Act. *Id*. The Eighth Circuit has not addressed this issue. Rule 8, which governs the requirements of pleadings, does not require complaints to state the amount of punitive damages sought to be recovered. Rather, Rule 8(a) merely provides that a complaint "must contain" both "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2) and (3).

Just as with § 510.261.5, § 509.200 and Rule 8 answer the same question—must a complaint state the amount of punitive damages sought to be recovered?—in opposite ways: § 509.200 answers the question "yes—always." *Kilburn*, 2021 WL 307550 at *2. Rule 8 answers the question "no—never." *Id*. Rule 8 is valid under the Rules Enabling Act because it "governs the pleading standard and content of a complaint." *Id*. Rule 8 controls the procedural issues of punitive damages pleading in federal court. Therefore, the requirement of § 509.200 is inapplicable in this proceeding.

The Eighth Circuit's decision in *Waters* merely states that "[p]unitive damages are not in controversy because the petition does not seek them." 873 F.3d at 636. The opinion then cites § 509.200 and includes a parenthetical that the statute requires petitions to state the amount of punitive damages sought to be recovered. Similarly, the Eighth Circuit in *Hurst v. Nissan N. Am., Inc.* affirmed the district court's conclusion that, "because punitive damages were not sought in the state court petition, such damages were legally unrecoverable under Missouri law," 511 Fed.Appx. 584, 586 (8th Cir. 2013), and went on to quote § 509.200.

*Waters* and *Hurst* each made clear that punitive damages were not in controversy because the plaintiffs' petitions did not seek them. In contrast, in this case, Plaintiff's petition requests an award of punitive damages. And while *Waters* and *Hurst* cite § 509.200, they did not explicitly hold that the statute applies in federal court. Indeed, the conclusion to exclude punitive damages due to their omission from a petition does not necessarily follow from the requirement of § 509.200. As § 509.200 was unnecessary to resolve *Waters* and *Hurst*, the citations to § 509.200 in those opinions possess the characteristics of dicta that the Court need not follow. *See, e.g., Bey v. Carver*, No. 4:23-CV-347-JAR, 2024 WL 1092246, at *3 (E.D. Mo. Mar. 12, 2024). Because

9

this action is distinguishable, neither *Waters* nor *Hurst* precludes the Court from concluding that § 509.200 conflicts with Rule 8 and does not apply in federal court.[2]

## 2. Sufficiency of pleaded facts

Plaintiff claims that even if one disregards § 510.261.5, the amount in controversy still cannot be satisfied because Plaintiff did not allege facts supporting a finding that Defendant's "conduct was outrageous due to defendant's evil motive or reckless indifference to the rights of others." *Waters*, 2017 WL 2618271 at * 3 (quoting *Hurst v. Nissan N. Am., Inc.*, No. 4:12-CV-1488-DGK, 2013 WL 65466, at *4 (W.D. Mo. Jan. 4, 2013), *aff'd*, 511 Fed.Appx. 584 (8th Cir. 2013)). Since that heightened standard is mandatory, Plaintiff argues that punitive damages are unrecoverable and cannot be counted in the amount in controversy. *Id*. at * 4.

Defendant counters that Plaintiff's request for punitive damages in the petition controls, not Plaintiff's contention in his brief that he did not plead facts supporting punitive damages. Defendant maintains that the petition alleges facts that could support a punitive damages award, as Plaintiff "cannot avoid the inclusion of punitive damages here by simply downplaying [his] own claim for punitive damages." *Schott*, 2021 WL 148875 at *5.

The Court agrees with Defendant's contention that Plaintiff's request for punitive damages in the petition is controlling here. *See Barry v. Nebraska*, No. 8:13-CV-190, 2014 WL 12572869, at *9 (D. Neb. June 2, 2014) (finding that the "pleading should control over the contrary representation in [plaintiff's] brief"). While Plaintiff now asserts that the pleading does not support a finding that Defendant's conduct was outrageous due to evil motive or reckless

---

[2] In other decisions of this District and the Western District of Missouri that cite § 509.200, the plaintiffs' petitions did not seek punitive damages. *See Lizama*, 2022 WL 1302760 at *3; *Ahmad*, 2021 WL 5447000 at *6; *Waters*, 2017 WL 2618271 at *4; *Johnson v. Safe Auto Ins. Co.*, No. 15-00259-CV-W-BP, 2015 WL 12806579, at *1 (W.D. Mo. Aug. 5, 2015). Plaintiff's petition provides a stark contrast, as it explicitly seeks punitive damages.

indifference, such a claim contradicts the actual language of the petition which declared that Defendant "was malicious, corrupt, and intentional and/or reckless to a degree sufficient to support an award of punitive damages against Defendant." ECF No. 7 at 9. Simply put, the pleaded facts of Plaintiff's petition could support a punitive damages award under the MMPA.

### 3. Punitive damages cap and competent evidence

Plaintiff contends that Defendant ignored Mo. Rev. Stat. § 510.265.1(2), which caps punitive damages at five times the net judgment, and wrongly applied a 9:1 ratio. Defendant alleges about $500,000 in compensatory damages and $200,000 in attorney's fees. According to Plaintiff, the maximum punitive damages award would be capped at $3.5 million pursuant to the 5:1 ratio under § 510.265.1(2), so the total amount in controversy would be $4.2 million and would still fail to meet the CAFA threshold. *See Femmer v. Sephora USA, Inc.*, No. 4:20-CV-676-JMB, 2020 WL 5632443, at *3 n.6 (E.D. Mo. Sept. 21, 2020) (applying the statutory cap to calculate the total amount in controversy).

In turn, Defendant maintains that the amount in controversy is met even with the 5:1 punitive damages cap, in part due to Plaintiff's assertion that "[a]ll applicable statutes of limitation have been tolled by Defendant's knowing and active fraudulent concealment and denial of the facts alleged throughout the period relevant to this action." ECF No. 7 at 5. *See Loy v. BMW of N.A., LLC*, No. 4:19-CV-00184-JAR, 2020 WL 5095372, at *3 (E.D. Mo. Aug. 28, 2020) (finding fraudulent concealment allegations plausibly suggested that the statute of limitations may have been tolled). Plaintiff seeks to represent "[a]ll individuals who Defendant charged sales tax for a purchase of the Products" with no temporal limitation. ECF No. 7 at 3. Defendant states that it has collected more than $750,274.65 in sales tax on propane gas and firewood since 2005. ECF No. 26-1 at 2. A 40% attorneys' fees award on $750,274.65 in

11

damages is $300,109.86, bringing the combined "net amount of the judgment" to $1,050,384.51. Mo. Rev. Stat. § 510.265.1(2); *see Hervey v. Mo. Dep't of Corr.*, 379 S.W.3d 156, 164-65 (Mo. 2012) (holding that "net amount of the judgment" includes attorneys' fees). Defendant thus argues Plaintiff could recover $5,251,922.55 in punitive damages (5 x $1,050,384.51), and a total of $6,302,307.06 ($1,050,384.51 + $5,251,922.55), well over the $5 million CAFA threshold.

Replying, Plaintiff counters that Defendant provides no competent proof for its amount-in-controversy calculation. When a plaintiff challenges the amount in controversy, the removing party must support its allegations with evidence. *Leflar v. Target Corp.*, 57 F.4th 600, 603 (8th Cir. 2023). "[T]he amount in controversy is not established by a preponderance of the evidence if a court must resort to conjecture, speculation, or star gazing." *Waters*, 873 F.3d at 636 (cleaned up). Plaintiff asserts that Defendant has failed to carry its burden because it has only offered assumptions. *See Crawford v. thyssenkrupp Materials NA, Inc.*, No. 4:21-CV-390-MTS, 2021 WL 4843957, at *3 (E.D. Mo. Oct. 18, 2021) ("Defendants provided no cases showing a punitive damages verdict for a case like the one at bar."). Plaintiff further contends that Defendant implausibly stretched the class period from five years to twenty years, and that Defendant has failed to cite any cases, verdicts, or data to support its punitive damages figure, which is merely "based upon speculation, assumptions and false comparisons." *Holzum v. Wal-Mart Stores, Inc.*, No. 4:17-CV-2275-RLW, 2018 WL 3826679, at *3 (E.D. Mo. Aug. 10, 2018).

Defendant disputes that its evidence regarding the amount in controversy is speculative. Defendant states that its own evidence is the only evidence before the Court, and that Plaintiff must produce his own evidence to rebut it. *Embry v. T. Marzetti Co.*, No. 4:19-CV-02785-SEP, 2020 WL 5291933, at *3 (E.D. Mo. Sept. 4, 2020) (emphasizing that "'both sides must submit proof' during the preponderance of the evidence inquiry").

12

The Court finds that the punitive damages cap of five times the net judgment pursuant to § 510.265.1(2) applies here. *See Raskas*, 719 F.3d at 887 (relying on § 510.265.1(2) to limit punitive damages to up to five times the net amount of the judgment). Even so, the Court finds no fault with Defendant's punitive damages calculation. Given that Plaintiff's petition alleges fraudulent concealment, it is plausible that the statute of limitations may have been tolled. *Loy*, 2020 WL 5095372 at *3. The petition includes no time limit; consequently, Defendant's expansion of the class period to twenty years for purposes of the amount-in-controversy calculation is acceptable. Defendant provided a declaration from its CFO to quantify a dollar amount of sales tax on propane gas and firewood in the past twenty years, ECF No. 26-1 at 2, which was then used to calculate plausible punitive damages. Defendant's application of the evidence from this declaration does not constitute conjecture, speculation, or star gazing. Unlike the defendant in *Crawford*, Defendant here has cited cases and evidence to support its amount-in-controversy estimate. Defendant cites *Loy* to support its argument that Plaintiff's MMPA claims are plausibly subject to tolling and utilized its CFO's declaration in calculating its total sales tax on propane gas and firewood in the past twenty years.

Furthermore, the defendant in *Holzum* relied on *Berry v. Volkswagen Grp. of Am., Inc.*, 397 S.W.3d 425 (Mo. 2013), an outlier case in which the fee award was "forty-nine times the amount of Class recovery." *Id*. at 429. "The attorneys' fee award in *Berry* was disproportionately high" due the application of a multiplier. *Holzum*, 2018 WL 3826679 at *3. Here, however, Defendant did not rely on an outlier case to calculate the amount in controversy, and Plaintiff has not challenged that an attorneys' fees award could equal 40 percent of the class award or disputed any cases Defendant cited in support of that proposition. Plaintiff cannot simply dismiss Defendant's estimate as speculative without actually rebutting Defendant's calculation with

13

evidence. *See Embry*, 2020 WL 5291933 at *3 (finding that the plaintiff "must do more than dismiss the potential award as speculative" after the defendant "produced evidence that a 40% award is possible."). As Plaintiff has failed to produce such rebuttal evidence, the Court finds there is sufficient evidence supporting Defendant's amount-in-controversy calculation.

**Local Controversy Exception**

In the alternative, Plaintiff maintains that CAFA's local controversy exception is applicable, requiring remand under 28 U.S.C. § 1332(d)(4)(A). It is uncontested that Defendant is a Missouri citizen, that the principal injuries were incurred in Missouri, and that no other class action alleging similar facts was filed in the three years prior to the commencement of this action. The dispute is therefore whether more than two-thirds of the class members in the aggregate are citizens of Missouri.

Plaintiff's class action is limited to Missouri sales tax charged on Missouri purchases. Given this limitation, Plaintiff argues that it is clear that more than two-thirds of the class are citizens of Missouri. Plaintiff points to U.S. Census data showing that nearly 87% of Missouri residents were living in the same house one year ago and that Missouri only experienced a 1.5% population change from 2020 to 2024.

In a footnote, Plaintiff requests remand under a different exception – the "interests of justice" exception – if the Court finds that the factors of the local controversy exception are not satisfied because more than one-third of the proposed class and Defendant are citizens of Missouri; the claims involve only Missouri interests and are governed by Missouri law; the class action was not pleaded to explicitly avoid federal jurisdiction and was brought in a forum with a distinct nexus with the class members, the alleged harm, and Defendant; the largest group of

class members by citizenship would undoubtedly be Missouri; and no prior class actions for these claims against Defendant have been filed. 28 U.S.C. § 1332(d)(3).

Alternatively, Plaintiff asks for jurisdictional discovery regarding the citizenship of potential class members. If granted, Plaintiff would seek Defendant's customers' demographic information via third-party delivery partners, customer surveys, and interactions that Defendant uses to determine where its consumers are located, reside, and/or are citizens. Plaintiff would further seek last known addresses and other contact information for putative class members if a random sample is needed to determine citizenship.

In response, Defendant contends that Plaintiff has no evidence to support the local controversy exception. The class definition is not limited to Missouri citizens. *Luebbers v. BJC Health System*, No. 4:24 CV 1500-JMB, 2025 WL 2417724, at *2-3 (E.D. Mo. Aug. 21, 2025) (denying motion to remand when complaint failed to set forth the citizenship of the plaintiff class and after jurisdictional discovery when the plaintiff failed to meet his burden of showing lack of jurisdiction). Defendant also argues that Missouri residency statistics are irrelevant because residency and citizenship are not the same for purposes of the local controversy exception. *Hargett*, 854 F.3d at 965-67 (holding that a "resident" is different from a "citizen" for CAFA's local controversy exception").

The Court finds that Plaintiff has not proved that CAFA's local controversy exception applies at this time or that the "interests of justice" exception should be considered.[3] The Court

---

[3] Given that Plaintiff raised his "interests of justice" exception argument in a footnote, it is not properly before the Court and it will not be considered. *Wildman v. Am. Cent. Services, LLC*, No. 4:16-CV-00737-DGK, 2018 WL 2326627, at *7 n.11 (W.D. Mo. May 22, 2018) ("Arguments raised in a footnote are not properly before the Court and will not be considered.") (citing *Falco Lime, Inc. v. Tide Towing Co.*, 29 F.3d 362, 367 n.7 (8th Cir. 1994)). Plaintiff moreover failed to satisfy his burden to establish that this exception is applicable in just a single footnote.

15

cannot rely on Plaintiff's theory that more than two-thirds of the class are citizens of Missouri solely because the claims are limited to Missouri sales tax charged on Missouri purchases. *See Hargett*, 854 F.3d at 966 (Plaintiffs . . . remain free to meet their burden through evidence or through a class explicitly limited to local citizens, but they are not free to rest on guesswork."). Moreover, U.S. Census data showing residency statistics is immaterial. *See id.* (holding that "merely alleging residency was not enough").

However, the Court will grant Plaintiff's request for jurisdictional discovery regarding the citizenship of class members in the aggregate at the time of removal. "It is within this Court's discretion to permit jurisdictional discovery." *Luebbers v. BJC Health System*, No. 4:24 CV 1500-JMB, 2025 WL 579682, at *2 (E.D. Mo. Feb. 21, 2025). In view of the inadequacy of the record, jurisdictional discovery would be instrumental in determining citizenship for purposes of the local controversy exception. Furthermore, the Court "has an independent obligation to determine its own subject matter jurisdiction." *Id.* at *3. *See also Conard v. Rothman Furniture Stores, Inc.*, No. 4:09-CV-2059-TIA, 2010 WL 1692973 (E.D. Mo. Apr. 27, 2010) (granting plaintiff's alternative request to conduct limited discovery to determine the percentage of Missouri citizenship among class members).

In conducting this discovery, Plaintiff should bear in mind the Eighth Circuit's requirements for establishing citizenship. There are two ways to meet this burden: "(1) affidavit evidence or statistically significant surveys showing two-thirds of the class members are local citizens, or (2) redefine the class as only local citizens." *Hood v. Gilster-Mary Lee Corp.*, 785 F.3d 263, 266 (8th Cir. 2015) (adopting the Seventh Circuit's approach in *In re Sprint Nextel Corp.*, 593 F.3d 669, 675-76 (7th Cir. 2010). *See also Myrick v. WellPoint, Inc.*, 764 F.3d 662, 665 (7th Cir. 2014) (Plaintiffs may "take a random sample of [potential class members], ascertain

the citizenship of each . . . on the date the case was removed, and extrapolate to the class as a whole. If the sample yields a lopsided result . . . the outcome is clear without the need for more evidence. . . . If the result is close to the statutory two-thirds line, then do more sampling and hire a statistician to ensure that the larger sample produces a reliable result.").

To be clear, "a court may not draw conclusions about the citizenship of class members based on things like their phone numbers and mailing addresses." *In re Sprint*, 593 F.3d at 674. *See also Hood*, 785 F.3d at 266 (finding that last-known-address evidence was insufficient to prove citizenship and noting that the record did not include any sample, sampling methodology, or other indication of a disciplined approach); *Luebbers*, 2025 WL 2417724 at *2 ("The spreadsheet of where current and former potential class members resides does not inform the Court of the citizenship of these persons at the time of removal.").

In *McAllister v. St. Louis Rams, LLC*, No. 4:16-CV-172-SNLJ, 2018 WL 827968 (E.D. Mo. Feb. 12, 2018), the plaintiffs retained an expert who "took a random sample of potential class members and ascertained their citizenship—or domicile—that is, where the person (1) resides, and (2) intends to remain." *Id*. at *2 (citing *Myrick*, 764 F.3d at 664). The expert's "survey asked putative class members whether they made a relevant purchase from defendants during the class period, whether they resided in Missouri when they made their purchase and continued to reside in Missouri through the time the case was filed, and whether they intended to continue to live in Missouri." *Id*. The expert "received 107 responses and determined 93 were Missouri citizens," meaning "86.7% of putative class members had Missouri citizenship." *Id*. The expert "determined this was a random and statistically significant sample." *Id*. The district court found the expert's "opinion easily supports that more than two-thirds of plaintiffs' class comprises Missouri citizens" and noted that the "burden of proof is by a "preponderance"—or

more than 50%—of the evidence." *Id*. at 3. The district court held that the "plaintiffs' approach was disciplined and reliable so as to meet this burden," and found the local controversy exception applicable to defeat CAFA jurisdiction and granted the motion to remand. *Id*.

The Court will caution Plaintiff to be mindful that "jurisdictional discovery should not be a form of second litigation and should not be overly burdensome." *Luebbers*, 2025 WL 2417724 at *2. Plaintiff will have until June 25, 2026 to conduct limited discovery relevant to determining the citizenship of class members in the aggregate at the time of removal. Defendant is directed to fully cooperate in this jurisdictional discovery. The parties will be directed to meet and confer and submit to the Court a joint scheduling plan for purposes of completing jurisdictional discovery by June 25, 2026.

### Attorney's Fees

Plaintiff asks the Court to award attorney's fees and costs incurred due to removal. The Court has discretion to award costs and expenses where the removing party lacks an objectively reasonable basis for seeking removal. 28 U.S.C. § 1447(c); *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). For the reasons discussed above, the Court finds that Defendant had an objectively reasonable basis to remove this action. Therefore, Plaintiff's request for attorney's fees and costs will be denied. *Id*.

### III.    Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff is granted up to and including June 25, 2026 to conduct limited discovery relevant to determining the citizenship of class members in the aggregate at the time of removal. Defendant shall fully cooperate in this jurisdictional discovery.

18

The parties are directed to meet and confer and submit to the Court a joint scheduling plan for purposes of completing jurisdictional discovery by June 25, 2026.

**IT IS FURTHER ORDERED** that the instant proceedings and Plaintiff's motion to remand [ECF No. 15] and Defendant's motion to dismiss [ECF No. 22] are stayed pending the completion of jurisdictional discovery.

Dated this 25th day of March, 2026.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE