**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| Mark Allen Carr, <br><br>        Plaintiff, <br><br> vs. <br><br> Dierbergs Markets, Inc., <br><br>        Defendant. | Civil Action No. 4:25-cv-832 <br><br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT DIERBERGS MARKETS, INC.'S**
**ANSWER, DEFENSES, AFFIRMATIVE DEFENSES, AND**
**JURY DEMAND TO PLAINTIFF'S AMENDED CLASS ACTION PETITION**

Dierbergs Markets, Inc. ("Dierbergs"), by and through its attorney, responds to Plaintiff's

Amended Class Action Petition as follows:

**PARTIES**

1. At all relevant times, Plaintiff was and is a Missouri citizen residing in Missouri.

**ANSWER: Dierbergs lacks knowledge sufficient to admit or deny the allegation in Paragraph 1 and therefore denies the same.**

2. Defendant is a Missouri corporation with its principal place of business in Missouri.

**ANSWER: Dierbergs admits the allegation in Paragraph 2.**

3. Defendant conducts, and at all relevant times, has conducted business in Jefferson

County.

**ANSWER: Dierbergs admits the allegation in Paragraph 3.**

**JURISDICTION & VENUE**

4. This Court has personal jurisdiction over Defendant because the acts and/or

omissions which are the subject of this litigation occurred in Missouri, and Defendant regularly

conducts business in Missouri.

1

**ANSWER: Defendant admits the allegation in Paragraph 4, except to the extent that the phrase "the acts and/or omissions" refers to putative class members who received or did not receive potential representations or omissions outside of Missouri.**

5.      Venue is proper in Jefferson County, Missouri under §§ 407.025 and/or 508.010.

**ANSWER: The allegation in Paragraph 5 has been rendered moot by Dierbergs' timely removal of the action to this Court. Dierbergs therefore denies the allegation in Paragraph 5.**

## NATURE OF THE CASE & GENERAL ALLEGATIONS

6.      Plaintiff sues individually and for a class of people who were charged state sales tax on propane gas or wood (the "Products") purchased for domestic use in violation of Missouri law.

**ANSWER: Dierbergs admits that Plaintiff purports to bring suit on behalf of a class of people who were charged state sales tax on particular products. Dierbergs denies that it has committed a violation of Missouri law, denies that Plaintiff has stated a viable claim for relief, and denies that Plaintiff may assert his claims on behalf of a class. Dierbergs further denies all allegations in Paragraph 6 not expressly admitted herein.**

7.      Section 144.030 states that "all sales of. . . natural, artificial or propane gas, wood, coal. . .for domestic use" are exempt from state and local sales tax.

**ANSWER: Dierbergs states that the allegation in Paragraph 7 is a summary of a statute, and Dierbergs denies any summary of the statute inconsistent with its text.**

8.      Section 144.030(2) defines "domestic use" as "that portion of. . . propane gas, wood, coal. . .which an individual occupant of a residential premises uses for nonbusiness, noncommercial, or nonindustrial purposes."

**ANSWER: Dierbergs states that the allegation in Paragraph 8 is a summary of a statute, and Dierbergs denies any summary of the statute inconsistent with its text.**

9.      Defendant has and continues to charge a state and/or local sales tax on the products purchased for domestic use.

**ANSWER: Dierbergs lacks knowledge and information sufficient to admit or deny the allegation in Paragraph 9 and therefore denies the same. For example, Dierbergs has no**

2

**way of knowing whether its customers are making purchases for domestic or commercial use.**

10.    Plaintiff brings this class action individually and for all people who purchased the Products at any Defendant store in Missouri, or online from Defendant for Missouri delivery, that were charged state or local sales tax on the Products.

**ANSWER: Dierbergs admits that Plaintiff purports to bring suit on behalf of a class of people who were charged state sales tax on particular products. Dierbergs denies that Plaintiff has stated a viable claim for relief and denies that Plaintiff may assert his claims on behalf of a class. Dierbergs further denies all allegations in Paragraph 10 not expressly admitted herein.**

## PLAINTIFF'S TRANSACTIONS

11.    On or about April 14, 2025, Plaintiff purchased propane from Defendant's location at 450 Old Smizer Mill Road, Fenton, Missouri 63026.

**ANSWER: Dierbergs lacks knowledge and information sufficient to admit or deny the allegation in Paragraph 11 and therefore denies the same.**

12.    The subtotal of the April 14, 2025 purchase was $63.99.

**ANSWER: Dierbergs lacks knowledge and information sufficient to admit or deny the allegation in Paragraph 12 and therefore denies the same.**

13.    The total amount Plaintiff was charged for the April 14, 2025 purchase was $69.26, which included $5.27 as a "tax."

**ANSWER: Dierbergs lacks knowledge and information sufficient to admit or deny the allegation in Paragraph 13 and therefore denies the same.**

14.    On or about April 16, 2025, Plaintiff purchased propane and wood from Defendant's location at 860 Arnold Commons Drive, Arnold, Missouri 63010.

**ANSWER: Dierbergs lacks knowledge and information sufficient to admit or deny the allegation in Paragraph 14 and therefore denies the same.**

15.    The subtotal of the April 16, 2025 purchase was $69.96.

**ANSWER: Dierbergs lacks knowledge and information sufficient to admit or deny the**

**allegation in Paragraph 15 and therefore denies the same.**

16.     The total amount Plaintiff was charged for the April 16, 2025 purchase was $77.38, which included $7.42 as a "tax."

**ANSWER: Dierbergs lacks knowledge and information sufficient to admit or deny the allegation in Paragraph 16 and therefore denies the same.**

17.     Plaintiff's purchases from Defendant were for domestic use.

**ANSWER: Dierbergs lacks knowledge and information sufficient to admit or deny the allegation in Paragraph 17 and therefore denies the same.**

## CLASS ALLEGATIONS

18.     Plaintiff sues under Missouri Supreme Court Rule 52.08 to remedy Defendant's ongoing and unlawful practices of charging sales tax on the purchase of the Products for domestic, noncommercial use, and seeks redress for all similarly situated people.

**ANSWER: Dierbergs admits that Plaintiff brought this suit under Missouri Supreme Court Rule 52.08, although Federal Rule of Civil Procedure 23 governs this suit in federal court, especially insofar as it differs from Missouri Supreme Court Rule 52.08. Dierbergs denies all remaining allegations in Paragraph 18.**

19.     Plaintiff sues for the following class (the "Class"):

All individuals who Defendant charged sales tax for a purchase of the Products.

**ANSWER: Dierbergs admits that Plaintiff purports to represent the Class. Dierbergs denies that Plaintiff has stated a claim upon which relief can be granted, denies Plaintiff is entitled to represent the Class, and denies that class treatment is appropriate in this case.**

20.     Plaintiff reserves the right to modify the Class definition during this litigation based on information learned from this litigation, discovery, or otherwise. Plaintiff reserves the right individually or for the Court to determine whether certification of other classes or subclasses are appropriate.

**ANSWER: Dierbergs admits that Plaintiff purports to reserve certain rights. Dierbergs denies that Plaintiff is entitled to such reservations of rights.**

4

21.  Certification of Plaintiff's claims for classwide treatment is appropriate because Plaintiff can prove the elements of the claims using the same evidence used to prove those elements in individual actions alleging the same claims.

**ANSWER: Dierbergs denies the allegations in Paragraph 21.**

22.  *Numerosity:* Rule 52.08(a)(1): The members of the Class are so numerous their individual joinder of all Class members is impracticable. Plaintiff is informed and believe there are hundreds, and likely thousands, of members of the Class based on the size of the market for the Products and Defendant's share of that market, but the precise number of Class members is unknown to Plaintiff.

**ANSWER: Dierbergs admits that it appears the members of the Class are numerous, but given the early nature of the case, Dierbergs does not concede that Plaintiff has satisfied or will satisfy the numerosity requirement for class certification.**

23.  *Commonality and Predominance*: Rule 52.08(a)(2) and (b)(3): This action involves common questions of law and fact which predominate over questions affecting individual Class members, including, without limitation:

    a.  Whether Defendant charged and collected a sales tax on the Products?

    b.  Whether charging and collecting sales tax on purchases of the Products was an unlawful practice?

    c.  Whether charging and collecting sales tax on purchases of the Products was an unfair practice?

    d.  Whether charging and collecting sales tax on purchases of the Products generated a  profit for Defendant?

    e.  Whether Plaintiff and Class members are entitled to damages or equitable relief, and the proper measure of those damages or equitable relief?

    f.  Whether Plaintiff and Class members have the right to declaratory, equitable, and/or injunctive relief?

    g.  Whether Defendant's conduct and practices violate the Missouri Merchandising Practices Act, §§ 407.010, RSMO, et seq. ("MMPA")?

5

h.  Whether Defendant's charging of sales tax on the purchase of the Products is unlawful under the MMPA?

i.  How would a reasonable consumer act considering all the circumstances surrounding the purchase of the Products?

j.  Whether Defendant's unlawful method, act, or practice under § 407.020 would cause a reasonable person to purchase the Products?

**ANSWER: Dierbergs denies the allegations in Paragraph 23, including subparagraphs a-j.**

24.  *Typicality*: Rule 52.08(a)(3): Plaintiff's claims are typical of the other Class Members' claims because, among other things, all Class members were similarly injured through Defendant's wrongful conduct as described above. Plaintiff suffered damages as a direct proximate result of the same wrongful practices in which Defendant engaged.

**ANSWER: Dierbergs denies the allegations in Paragraph 24.**

25.  *Adequacy*: Rule 52.08(a)(4): Plaintiff is an adequate class representative because Plaintiff's interests do not conflict with the interests of the other members of the Class he seeks to represent; Plaintiff has hired counsel competent and experienced in complex class action litigation; and Plaintiff intends to prosecute this action vigorously. Plaintiff and counsel will fairly and adequately protect the Class's interests.

**ANSWER: Dierbergs denies the allegations in Paragraph 25.**

26.  *Declaratory Relief*: Rule 52.08(b)(2): Defendant has acted or refused to act on grounds generally applicable to Plaintiff and the other members of the Class, thus making declaratory relief appropriate, regarding the Class.

**ANSWER: Dierbergs denies the allegations in Paragraph 26.**

27.  *Superiority*: Rule 52.08(b)(3): A class action is superior to any other available means for the fair and efficient adjudication of this controversy and no unusual difficulties are likely to be encountered in managing this class action.  The damages or other financial detriment suffered

by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, so it would be impracticable for the members of the Class to individually seek redress for Defendant's wrongful conduct. Even if Class members could afford individual litigation, such litigation creates a potential for inconsistent or contradictory judgments. It increases the delay and expense to all parties and the court system. By contrast, a class action is suited and intended to manage such difficulties and provide the benefits of uniform and common adjudication, economy of scale, and comprehensive supervision.

**ANSWER: Dierbergs denies the allegations in Paragraph 27.**

28.     This action is maintainable as a class action under Rule 52.08 of the Missouri Rules of Civil Procedure and under § 407.025.

**ANSWER: Dierbergs denies the allegations in Paragraph 28.**

## TOLLING OF ALL APPLICABLE STATUTES OF LIMITATIONS
### *Fraudulent Concealment Tolling*

29.     All applicable statutes of limitation have been tolled by Defendant's knowing and active fraudulent concealment and denial of the facts alleged throughout the period relevant to this action.

**ANSWER: Dierbergs denies the allegations in Paragraph 29.**

30.     Rather than disclose the truth about the taxability of the Products, Defendant falsely represented the Products as products that require the charging and collection of sales tax.

**ANSWER: Dierbergs denies the allegations in Paragraph 30.**

### *Estoppel*

31.     Defendant was under a continuous duty to disclose to Plaintiff and the other Class members the taxability of the Products.

**ANSWER: Dierbergs denies the allegations in Paragraph 31.**

32.    Defendant knowingly, affirmatively, and actively concealed the taxability of the Products.

**ANSWER: Dierbergs denies the allegations in Paragraph 32.**

33.    Based on the foregoing, Defendant is estopped from relying on any statutes of limitations in defense.

**ANSWER: Dierbergs denies the allegations in Paragraph 33.**

## COUNT I—VIOLATIONS OF THE MISSOURI MERCHANDISING PRACTICES ACT

34.    Plaintiff incorporates by reference all preceding paragraphs of this Petition as if set forth herein.

**ANSWER: Dierbergs incorporates by reference its answers to all preceding Paragraphs.**

35.    The MMPA protects both consumers and competitors by promoting fair competition in commercial markets for goods and services.

**ANSWER: Dierbergs lacks knowledge sufficient to admit or deny the allegation in Paragraph 35 and therefore denies the same.**

36.    The MMPA makes unlawful the "act, use or employment by any person of any deception, fraud, false pretense, misrepresentation, unfair practice, or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce." § 407.020.

**ANSWER: Dierbergs states that the allegation in Paragraph 36 is a summary of a statute, and Dierbergs denies any summary of the statute inconsistent with its text.**

37.    Plaintiff, individually and for the Class, has the right to bring this action under § 407.025, which provides: "Any person who purchases … merchandise primarily for personal, family or household purposes and thereby suffers an ascertainable loss of money or property, real

8

or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by section 407.020, may bring a private civil action … to recover actual damages."

**ANSWER: Dierbergs states that the allegation in Paragraph 37 is a summary of a statute, and Dierbergs denies any summary of the statute inconsistent with its text. Dierbergs further denies that Plaintiff has stated a viable claim for relief, and denies that Plaintiff may assert his claims on behalf of a class.**

38.    Under § 407.025, the court may award punitive damages, attorney's fees, and equitable relief.

**ANSWER: Dierbergs states that the allegation in Paragraph 38 is a summary of a statute, and Dierbergs denies any summary of the statute inconsistent with its text.**

39.    Defendant is a "person" within the meaning of § 407.010(5) of the MMPA.

**ANSWER: Dierbergs admits the allegation in Paragraph 39.**

40.    Plaintiff and other Class members are "persons" under the MMPA.

**ANSWER: Dierbergs lacks knowledge and information sufficient to admit or deny the allegation in Paragraph 40 and therefore denies the same.**

41.    The MMPA applies to Defendant's conduct alleged in this action because it protects consumers in transactions intended to result, or which have resulted in the sale of goods.

**ANSWER: Dierbergs denies the allegation in Paragraph 41.**

42.    The MMPA defines "merchandise" as any objects, wares, goods, commodities, intangibles, real estate, or services.

**ANSWER: Dierbergs states that the allegation in Paragraph 42 is a summary of a statute, and Dierbergs denies any summary of the statute inconsistent with its text.**

43.    At all relevant times, the Products were "merchandise," as defined by § 407.010(4).

**ANSWER: Dierbergs states that the allegation in Paragraph 43 is a summary of a statute, and Dierbergs denies any summary of the statute inconsistent with its text.**

44.    At all relevant times, Defendant's sales of the Products met the definition of "sale"

as defined by § 407.010(6).

**ANSWER: Dierbergs states that the allegation in Paragraph 44 is a summary of a statute, and Dierbergs denies any summary of the statute inconsistent with its text.**

45. Defendant's advertising, offering for sale, and sale of the Products is considered "trade" or "commerce" in the State of Missouri within the meaning of § 407.010(7).

**ANSWER: Dierbergs states that the allegation in Paragraph 45 is a summary of a statute, and Dierbergs denies any summary of the statute inconsistent with its text.**

46. The Missouri Attorney General has promulgated regulations defining the meaning of unfair practice as used in the MMPA. Specifically, Mo. Code Regs. Tit. 15, § 60-8.020, provides an unfair practice is any practice which (a) offends any public policy as it has been established by the Constitution, statutes, or common law of this state, or by the Federal Trade Commission, or its interpretive decisions; or (b) is unethical, oppressive, or unscrupulous; and presents a risk of, or causes, substantial injury to consumers. Proof of deception, fraud, or misrepresentation is not required to prove unfair practices as used in § 407.020.1.

**ANSWER: Dierbergs states that the allegation in Paragraph 46 is a summary of the regulations, and Dierbergs denies any summary of the regulations inconsistent with their text.**

47. Missouri case law provides that the MMPA's "literal words cover *every practice imaginable and every unfairness to whatever degree*." *Conway v. CitiMortgage, Inc.*, 438 S.W.3d 410, 416 (Mo. banc 2014). The MMPA's "plain and ordinary meaning of the words themselves … are unrestricted, all-encompassing and exceedingly broad." *Id*. at 240.

**ANSWER: Dierbergs states that the allegation in Paragraph 47 is a summary of case law, and Dierbergs denies any summary of the statute inconsistent with its text.**

48. Defendant engaged in practices that are unfair, unconscionable, deceptive, and/or fraudulent in the sale of the Products.

**ANSWER: Dierbergs denies the allegation in Paragraph 48.**

10

49.     Defendant violated, and continues to violate, the MMPA.

**ANSWER: Dierbergs denies the allegation in Paragraph 49.**

50.     Plaintiff and the Class acted as reasonable consumers would when purchasing the Products considering all the circumstances.

**ANSWER: Dierbergs denies the allegation in Paragraph 50.**

51.     Defendant's methods, acts, and/or practices that are unlawful under the MMPA would cause a reasonable person to purchase the Products.

**ANSWER: Dierbergs denies the allegation in Paragraph 51.**

52.     As a direct and proximate result of Defendant's improper conduct, Plaintiff and the other members of the Class have suffered damages and ascertainable losses of moneys, by paying sales taxes on the Products.

**ANSWER: Dierbergs denies the allegation in Paragraph 52.**

53.     Plaintiff's damages are sufficiently definite and may be established with objective evidence to let the loss be calculated with reasonable certainty.

**ANSWER: Dierbergs denies the allegation in Paragraph 53.**

54.     Defendant's actions constituted, and continue to constitute, illegal, deceptive practices in violation of Mo. Rev. Stat. § 407.020.1 because they were and are deception, fraud, false pretense, false promise, misrepresentation, unfair practice and/or concealment, suppression, or omission of material fact in connection with the sale of merchandise in trade or commerce, within the meaning of the MMPA.

**ANSWER: Dierbergs denies the allegation in Paragraph 54.**

55.     Defendant's actions violated—and continue to violate—the MMPA because they were and are unfair practices as that term is defined in Mo. Code Regs. Tit. 15, § 60-8.020.

**ANSWER: Dierbergs denies the allegation in Paragraph 55.**

56.    Plaintiff and the Class have suffered ascertainable loss due to the unfair and deceptive practices described in this Count.

**ANSWER: Dierbergs denies the allegation in Paragraph 56.**

57.    Plaintiff and the Class seek actual damages for all monies paid in violation of Missouri Revised Statutes § 144.030.

**ANSWER: Dierbergs admits that Plaintiff purports to seek damages on behalf of himself and the Class. Dierbergs denies that Plaintiff and the Class are entitled to recover any damages and denies that it has committed any alleged violation.**

58.    Appropriate injunctive relief is necessary to prevent Defendant's MMPA violations from continuing. If Defendant's violations of the MMPA are not stopped by such injunctive relief, Plaintiff and the Class will continue to suffer injury by being charged sales tax on the Products purchased for domestic use.

**ANSWER: Dierbergs denies the allegation in Paragraph 58.**

59.    The conduct of Defendant was malicious, corrupt, and intentional and/or reckless to a degree sufficient to support an award of punitive damages against Defendant.

**ANSWER: Dierbergs denies the allegation in Paragraph 59.**

<u>**COUNT II—UNJUST ENRICHMENT**</u>

60.    Plaintiff incorporates by reference all preceding paragraphs of this Petition as if set forth herein.

**ANSWER: Dierbergs incorporates by reference its answers to all preceding Paragraphs.**

61.    The focus of an unjust enrichment claim is whether the defendant was unjustly enriched. At the core of Missouri's law are two elements: (1) the defendant received a benefit from the plaintiff; and (2) it would be unfair for the defendant to keep that benefit without compensating

the plaintiff.

**ANSWER: Dierbergs states that the allegation in Paragraph 61 is a summary of Missouri law. Dierbergs denies any summary of the law that is inconsistent with governing authority.**

62. As alleged above, Defendant charged and collected sales tax on the Products purchased for domestic use in violation of Missouri law.

**ANSWER: Dierbergs denies the allegation in Paragraph 62.**

63. Defendant has been unjustly enriched because they received and retained the benefit of funds to which they were not entitled and received in violation of Missouri law.

**ANSWER: Dierbergs denies the allegation in Paragraph 63.**

64. Such funds were conferred on Defendant by Plaintiff and the Class members under a mistake of fact due to Defendant's misrepresentations and unlawfully obtained to the detriment of Plaintiff and the Class.

**ANSWER: Dierbergs denies the allegation in Paragraph 64.**

65. Defendant's retention of these funds is unjust because Defendant was not permitted to collect sales tax on these purchases under Missouri law.

**ANSWER: Dierbergs denies the allegation in Paragraph 65.**

66. Letting Defendant retain these benefits violates principles of justice, equity, and good conscience.

**ANSWER: Dierbergs denies the allegation in Paragraph 66.**

67. Because Defendant's retention of the non-gratuitous benefit conferred on it by Plaintiff and all Class members is unjust and inequitable, Defendant must pay restitution to Plaintiff and the Class members for Defendant's unjust enrichment, as ordered by the Court.

**ANSWER: Dierbergs denies the allegation in Paragraph 67.**

## COUNT III—MONEY HAD AND RECEIVED

68.    Plaintiff incorporates by reference all preceding paragraphs of this Petition as if set forth herein.

**ANSWER: Dierbergs incorporates by reference its answers to all preceding Paragraphs.**

69.    Defendant has received money from Plaintiff and the Class by charging sales tax rate on the Products purchased for domestic use in violation of Missouri law, which in equity and good conscience ought to be returned to Plaintiff and the Class.

**ANSWER: Dierbergs denies the allegation in Paragraph 69.**

## RELIEF REQUESTED

WHEREFORE, Dierbergs denies that Plaintiff is entitled to any of the relief sought in Plaintiff's Amended Class Action Petition, and having fully answered Plaintiff's Amended Class Action Petition, Dierbergs respectfully requests that judgment be entered in Dierbergs' favor and that the Court award Dierbergs all other relief it deems just and equitable under the circumstances.

## GENERAL DENIAL

Dierbergs denies each and every allegation contained in Plaintiff's Petition that is not specifically admitted to be true in the preceding paragraphs of this Answer.

## JURY DEMAND

Dierbergs hereby demands a trial by jury on all issues so triable.

## AFFIRMATIVE AND OTHER DEFENSES

Dierbergs hereby states the following affirmative and additional defenses to the Amended Class Action Petition, but it does not assume the burden of proof on any such defenses except as required by law with respect to the particular defense asserted. Dierbergs reserves the right to assert other affirmative or additional defenses, modify the defenses below, and/or otherwise

14

supplement this pleading upon discovery of facts or evidence rendering such action appropriate.

### FIRST DEFENSE: EXCLUSIVE STATUTORY REMEDY

1.      Plaintiff and the putative class allege that Dierbergs collected excess tax from them pursuant to Missouri law.

2.      Plaintiff and the putative class seek recovery of the amounts they paid as excess tax due to the State of Missouri.

3.      Vendors like Dierbergs are responsible only for facilitating the collection of the tax, which they must remit to the state. *Id.* §§ 144.635, 144.655.1, 144.655.6.

4.      Dierbergs remitted to the State of Missouri all amounts it collected as tax, subject to any timely payment allowance.

5.      Missouri Revised Statutes Section 144.190 permits a purchaser who has overpaid tax to the state via a vendor to file a refund claim with the Missouri Department of Revenue.

6.      The statutory refund remedy is exclusive.

7.      Therefore, all claims in the Amended Class Action Petition are barred because the exclusive remedy for recovering the alleged tax overpayment is to file a refund claim with the Missouri Department of Revenue pursuant to Missouri Revised Statutes Section 144.190.

### SECOND DEFENSE: FAILURE TO STATE CLAIMS UPON WHICH RELIEF CAN BE GRANTED

8.      The Petition fails to state any claims upon which relief can be granted even if the allegations in the Amended Class Action Petition are taken as true for the sake of argument, including those detailed in Dierbergs' Motion to Dismiss and supporting memoranda (ECF Nos. 22, 23, and 25). As further support for this Defense, Dierbergs attaches the Missouri Department of Revenue's Private Letter Ruling on this exact issue. Exhibit A.

### THIRD DEFENSE: NECESSARY ELEMENTS
### OF CLAIMS AND REMEDIES CANNOT BE ESTABLISHED

9.      The claims in the Amended Class Action Petition cannot be proved because the applicable facts, and the law as applied to those facts, contradict or fail to support one or more necessary elements of each claim. The same is true for remedies that may be recovered only upon proof of certain elements, proof of a statutory entitlement to the remedy, or proof sufficient to cause the Court to grant the remedy in its discretion, including, without limitation, restitution, declaratory relief, injunctive relief, pre-judgment interest, and attorney's fees.

### FOURTH DEFENSE: CLASS TREATMENT INAPPROPRIATE

10.     This dispute cannot be maintained as a class action because it fails to meet one or more of the legal requirements for class treatment.

### FIFTH DEFENSE: FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

11.     Plaintiff's action is barred by his failure to exhaust his administrative remedies.

12.     Plaintiff has a remedy before an administrative agency: the Department of Revenue.

13.     Before courts will act, Plaintiff must first seek relief by exhausting that remedy.

14.     Indeed, exhausting that remedy will moot this entire lawsuit if Plaintiff obtains a refund through that route, which would avoid wasting judicial resources in this matter.

15.     Plaintiff has not attempted to exhaust his administrative remedies by first seeking relief through the Department of Revenue.

16.     Consequently, Plaintiff has failed to exhaust his administrative remedies and is not entitled to relief in this Court.

### SIXTH DEFENSE: EXPRESS AGREEMENT

17.     Dierbergs offers certain goods for sale.

18.     Plaintiff accepted Dierbergs' offered price for certain goods, which included a tax amount, which was disclosed.

19.     Dierbergs and each of its customers, including Plaintiff and each putative class member, entered into agreements for the purchase and sale of goods.

20.     One of the terms of each agreement is the exact amount to be charged to the customer as tax.

21.     The unjust enrichment and money had and received claims challenge the amounts charged to the customer as tax.

22.     Therefore, the unjust enrichment and money had and received claims, which are quasi-contractual, fail because they impermissibly challenge the express terms of an agreement.

### *SEVENTH DEFENSE: RECEIPT OF INTENDED BENEFIT*

23.     Dierbergs restates and re-alleges Paragraphs 18 through 22 of its Affirmative and Other Defenses as if fully set forth herein.

24.     The allegations in Paragraphs 18 through 22 of Dierbergs' Affirmative and Other Defenses describe the process by which Dierbergs and each of its customers, including Plaintiff and each putative class member, entered into agreements for the purchase and sale of goods.

25.     One of the express terms of each agreement described in Paragraphs 18 through 22 of Dierbergs' Affirmative and Other Defenses is the exact amount to be charged to the customer as tax.

26.     Plaintiff and every putative class member purchased products from Dierbergs pursuant to the terms of the agreement between Dierbergs and each such person.

27.     Dierbergs performed all other terms of its agreements with Plaintiff and each putative class member.

28.     The unjust enrichment and money had and received claims therefore fail because Plaintiff and each putative class member received all of the benefits that each of them expected to obtain pursuant to his or her bargain with Dierbergs.

### *EIGHTH DEFENSE: VOLUNTARY PAYMENT DOCTRINE*

29.     Dierbergs restates and re-alleges Paragraphs 18 through 22 of its Affirmative and Other Defenses as if fully set forth herein.

30.     The unjust enrichment and money had and received claims therefore fail because, to the extent Plaintiff and any putative class member paid excess tax, they did so with full knowledge of the relevant facts, including the amount to be charged as tax.

### *NINTH DEFENSE: ECONOMIC LOSS DOCTRINE*

31.     Dierbergs restates and re-alleges Paragraphs 18 through 22 of its Affirmative and Other Defenses as if fully set forth herein.

32.     The allegations in Paragraphs 18 through 22 of Dierbergs' Affirmative and Other Defenses describe the process by which Dierbergs and each of its customers, including Plaintiff and each putative class member, entered into agreements for the purchase and sale of goods.

33.     One of the terms of each agreement described in Paragraphs 18 through 22 of Dierbergs' Affirmative and Other Defenses is the exact amount to be charged to the customer as tax.

### *TENTH DEFENSE: ESTOPPEL, WAIVER,*<br>*RATIFICATION, AND ACQUIESCENCE*

34.     Dierbergs restates and re-alleges Paragraphs 18 through 22 of its Affirmative and Other Defenses as if fully set forth herein.

35.     Plaintiff and each putative class member therefore were placed on notice of, knew of, and/or consented to the tax charges associated with their purchases. The claims in the

Amended Class Action Petition accordingly are barred in whole or part by the doctrines of waiver, estoppel, ratification, and/or acquiescence.

### *ELEVENTH DEFENSE: LACK OF CAUSATION, COMPARATIVE FAULT, AND OFFSET*

36.     Dierbergs restates and re-alleges Paragraphs 18 through 22 of its Affirmative and Other Defenses as if fully set forth herein.

37.     The allegations in Paragraphs 18 through 22 of Dierbergs' Affirmative and Other Defenses demonstrate that Plaintiff and each putative class member were placed on notice of, knew of, and/or consented to the tax charges associated with their purchases.

38.     To the extent Plaintiff and each putative class member paid more than he or she owed in tax, he or she knew, or by using ordinary care should have known, that the amount paid exceeded the amount of tax owed.

39.     To the extent Plaintiff and each putative class member allegedly suffered harm or loss by paying more than he or she owed in tax, that alleged harm or loss was actually and proximately caused, in whole or in part, by Plaintiff's and each putative class member's own acts and/or omissions, and not by Dierbergs' acts and/or omissions.

40.     Therefore, any damages awarded must be apportioned or reduced to the extent that such damages are attributable to or caused by Plaintiff's and each putative class member's own acts and/or omissions.

### *TWELFTH DEFENSE: FAILURE TO MITIGATE DAMAGES*

41.     Dierbergs restates and re-alleges Paragraphs 1 through 8 and 12 of its Affirmative and Other Defenses as if fully set forth herein.

42.      Plaintiff and each putative class member has the right to obtain a tax refund from the Missouri Department of Revenue of any amounts collected by Dierbergs that exceeded the tax owed by such person on his or her purchase.

43.      Obtaining a refund would reduce or eliminate entirely any damages the affected person allegedly suffered.

44.      Upon information and belief, Plaintiff and the putative class members have not filed refund claims with the Missouri Department of Revenue or otherwise sought tax refunds from the Missouri Department of Revenue.

45.      Accordingly, Plaintiff and each putative class member failed to mitigate their alleged damages, and any damages awarded must be reduced to the extent they could have been avoided, or could still be avoided, by seeking a tax refund.

### THIRTEENTH DEFENSE:   PROCEDURES AND/OR PRACTICES REASONABLY ADOPTED TO AVOID ERRORS AND VIOLATIONS

46.       Plaintiff's claims are barred in whole or in part because Dierbergs maintains procedures and/or practices reasonably adopted to avoid errors and violations of all applicable statutes, regulations, and others laws relevant to the conduct alleged in the Petition.

### FOURTEENTH DEFENSE: ARBITRATION, JURY WAIVER, AND CLASS ACTION WAIVER (WITH RESPECT TO CERTAIN PUTATIVE CLASS MEMBERS)

47.      All or some members of the putative class are bound by one or more agreements between them and Dierbergs that, as applied to this dispute, require such putative class members to pursue their claims solely through arbitration, without a jury, and/or on an individual basis (*i.e.*, they are barred from bringing or participating in a class action).

48.      The putative class members who are bound by these agreements are so bound because they manifested their assent to these agreements.

20

49. Dierbergs reserves all of its rights under such agreements and with respect to such members, including without limitation the rights (a) to oppose class treatment for this action for reasons relating to the existence or effect of such agreements; (b) to demand, to the extent any class is certified, that such members be excluded from the class; and (c) to the extent such members become subject to the Court's jurisdiction, to seek a stay of this action with respect to such members pursuant to such agreements.

### FIFTEENTH DEFENSE: BAR ON PUNITIVE DAMAGES

50. Plaintiff's claims for punitive damages against Dierbergs are barred or limited because such an award would violate Dierbergs' due process, equal protection, and other rights under the United States Constitution, the Due Process Clause of the Fifth and/or Fourteenth Amendments to the United States Constitution, and/or federal and state law, in that:

a. The standards under which such claims are submitted are so vague as to be effectively meaningless, and threaten a deprivation of property for the benefit of society without the protection of fundamental procedures.

b. The jury will be allowed to consider evidence of a defendant's wealth in assessing punitive damages.

c. There are no definite standards whereby the judiciary may determine the submissibility of punitive damages or the amount of any such award.

d. There are no effective procedures whereby the judiciary can review either the submissibility or the magnitude of punitive damages.

e. The guidelines, standards, procedures, and instructions for the imposition of punitive damages are ambiguous, indefinite, unreasonable, vague, uncertain, conflicting, purely subjective, and fundamentally unfair.

f.  The vague and inconsistent legal standards for the imposition for punitive damages deprive Dierbergs of sufficient notice of the type of conduct and mental state upon which an award of punitive damages could be based.

g.  Dierbergs is not provided with fair and adequate notice of the punishment, through punitive damages, including the severity of the penalty.

51.   Further, to the extent Plaintiff seeks punitive damages, Plaintiff's claims for punitive damages are barred because they are essentially criminal in nature and a form of punishment, and they seek to deny defendant rights guaranteed to defendants in criminal proceedings under the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution, the Missouri Constitution, and any other applicable state constitution, such rights include, among other things:

a. a requirement that the basis for the imposition of punitive damages be proven by plaintiff;

b. the right to a unanimous twelve-person jury verdict in jury trials; and

c. the right to a separate hearing for the determination of the amount of punitive damages under applicable provisions of state law.

52.   Plaintiff's claims for punitive damages are barred because they seek to impose punishment that is excessive and grossly disproportionate to the misconduct alleged, in violation of the United States Constitution. Plaintiff's claims for punitive damages are barred to the extent they seek the admission of evidence of defendant's net worth or wealth in determining whether punitive damages are to be awarded and/or in what amount, because punitive damages are a form of punishment, and punishment that is grounded in a defendant's status, rather than in specific alleged misconduct, has the effect of treating classes of citizens unequally in violation of the

22

Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States Constitution.

### *SIXTEENTH DEFENSE: HEIGHTENED PLEADING STANDARD UNDER FED. CIV. P. 9*

53.     Plaintiff's Fraudulent Concealment and False Representation allegations ((¶¶ 29-32) and Count I (Statutory Fraud – Missouri Merchandising Practices Act) are barred because such allegations fail to allege facts sufficient to meet the requirements under Fed. Civ. P. 9.

### *RESERVATION OF RIGHT*

54.     In the unlikely event that the Court were to certify a class, which Dierbergs denies, Dierbergs reserves the right to assert new and additional affirmative defenses to any members of such class, and/or adopt and incorporate by reference each, some, or all applicable defenses pleaded herein as to each, some, or all members of any such class.

WHEREFORE, having answered the allegations in Plaintiff's Amended Class Action Petition and asserted defenses thereto, Dierbergs respectfully requests that the Court dismiss Plaintiff's Amended Class Action Petition and all allegations against Dierbergs with prejudice, enter judgment in Dierbergs' favor on all claims, award Dierbergs the costs of suit incurred herein, and grant such other relief as is just and proper under the circumstances.

Dated: June 1, 2026

Respectfully submitted,

**HUSCH BLACKWELL LLP**

By:  /s/ *Tanner M. Cook*
     Tanner M. Cook, Bar No. 71846MO
     Glennon P. Fogarty, Bar No. 42983MO
     Michael Klebanov, Bar No. 66540MO
     8001 Forsyth Blvd., Suite 1500
     St. Louis, Missouri 63105
     (314) 480-1500
     (314) 480-1505 Fax
     Glennon.Fogarty@huschblackwell.com
     Michael.Klebanov@huschblackwell.com
     Tanner.Cook@huschblackwell.com

*Attorneys For Defendant Dierbergs Markets, Inc.*

24

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 1st day of June, 2026, the above and foregoing was filed with the Clerk of the Court through the CM/ECF system, which will send electronic notification to all counsel of record.

By: */s/ Tanner M. Cook*