**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

Mark Allen Carr,

      Plaintiff,

vs.

      Case No. 4:25-cv-832

Dierbergs Markets, Inc.,

      Defendant.

**Plaintiff's Motion for Leave to File Second Amended Class Action Complaint or, in the Alternative, to Voluntarily Dismiss Without Prejudice**

Plaintiff Mark Carr moves under Federal Rule of Civil Procedure 15(a)(2), and to the extent applicable Rule 16(b)(4), for leave to file the proposed Second Amended Class Action Complaint submitted contemporaneously with this motion. In the alternative, if leave to amend is denied, Plaintiff moves under Rule 41(a)(2) to dismiss this action without prejudice.

The proposed amendment narrows the case in two respects. First, it limits the proposed class to persons who were citizens of Missouri as of the date this action was commenced. Second, it eliminates punitive damages, which Plaintiff did not, and does not, intend to pursue. The amendment adds no claim, defendant, transaction, or factual theory. It only subtracts potential class members and a category of relief.

The Court's March 25, 2026 Memorandum and Order identified two permissible ways to resolve the remaining class-citizenship question: "(1) affidavit evidence or statistically significant surveys showing two-thirds of the class members are local citizens, or (2) redefine the class as only local citizens." ECF No. 35 at 16 (quoting *Hood v. Gilster-Mary Lee Corp.*, 785 F.3d 263,

1

266 (8th Cir. 2015) and citing *Myrick v. WellPoint, Inc.*, 764 F.3d 662, 665 (7th Cir. 2014)). With the Court's permission, Plaintiff now seeks to elect the latter course.

There are practical reasons for that election independent of its jurisdictional effect. The Court found that, using Dierbergs' own figures, the claimed sales-tax damages plus a potential forty-percent fee award total approximately $1,050,384.51 before punitive damages. ECF No. 35 at 11–12. Dierbergs' calculation exceeded CAFA's $5 million threshold only after adding more than $5.25 million in potential punitive damages. *Id.* Plaintiff does not contend that deleting punitive damages now retroactively changes the amount in controversy at removal. Rather, because Plaintiff did not, and does not, intend to seek punitive damages, the amendment conforms the pleading to the case Plaintiff actually intends to litigate and substantially changes the economics of further jurisdictional litigation.

Plaintiff likewise does not contend that the citizenship discovery authorized by the Court is necessarily prohibitive. But even the streamlined sampling procedure described in *Myrick* requires constructing a sample, contacting class members, ascertaining domicile as of the relevant date, and potentially expanding the sample or retaining a statistician if the result approaches the two-thirds line. ECF No. 35 at 16-17. For a case Plaintiff intends to prosecute without punitive damages and whose nonpunitive value is approximately $1 million under Dierbergs' own calculation, Plaintiff submits that the more efficient and economical course is to define the proposed class directly as the Missouri citizens he seeks to represent.

The procedural posture in *Vick v. Fresh Green, LLC*, No. 4:25-cv-00739-DGK (W.D. Mo.), further supports allowing amendment. There, the district court permitted a post-removal amendment narrowing the class to Missouri citizens, then held under *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025), that the amended pleading controlled the CAFA analysis and required remand. *Vick v. Fresh Green, LLC*, 2026 WL 1590121 (W.D. Mo. June 3, 2026). The

2

Eighth Circuit accepted permissive review under 28 U.S.C. § 1453(c), and the appeal is pending as No. 26-2247. Briefing is complete. Section 1453(c)(2) requires the court of appeals to complete all action on an accepted CAFA appeal, including rendering judgment, within sixty days after the appeal was filed, subject to the extensions authorized by § 1453(c)(3). Binding circuit guidance on the precise CAFA issue implicated by this amendment therefore should be forthcoming shortly.

Local Rule 4.07 requires the proposed amended pleading to be submitted with the motion, with new material underlined and deleted material struck through. Plaintiff therefore submits the proposed Second Amended Class Action Complaint in that form. Separate Suggestions in Support are filed contemporaneously as required by Local Rule 4.01(A).

If the Court declines leave to amend, Plaintiff alternatively requests dismissal without prejudice under Rule 41(a)(2). Plaintiff is candid that, if dismissal is granted, he intends to refile a narrowed action in Missouri state court that limits the class to Missouri citizens and does not seek punitive damages. As explained in the supporting memorandum, that request rests on litigation choices and proportionality concerns beyond a mere preference for forum and does not seek to escape an imminent merits ruling.

WHEREFORE, Plaintiff respectfully requests that the Court (1) grant leave to file the proposed Second Amended Class Action Complaint; (2) upon its filing, suspend further citizenship-related jurisdictional discovery and permit Plaintiff to renew his request for remand on a schedule set by the Court; or, in the alternative, (3) dismiss this action without prejudice under Rule 41(a)(2), on terms the Court considers proper; and (4) grant such other relief as the Court deems just.

**ONDERLAW, LLC**

By:   */s/ Jesse B. Rochman*
Martin L. Daesch, #40494
Jesse B. Rochman, #60712
110 E. Lockwood Ave.
St. Louis, MO  63119
(314) 963-9000 (telephone)
(314) 963-1700 (facsimile)
daesch@onderlaw.com
rochman@onderlaw.com
*Attorneys for Plaintiff*

## Certificate of Service

I certify that on August 10, 2026, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

*/s/ Jesse B. Rochman*

4