**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| Mark Allen Carr,<br><br>Plaintiff,<br><br>vs.<br><br>Dierbergs Markets, Inc.,<br><br>Defendant. | Case No. 4:25-cv-832 |

**Plaintiff's Reply to Support Motion for Leave to File Second Amended Class Action Complaint or, in the Alternative, to Voluntarily Dismiss Without Prejudice**

## 1. The proposed amendment narrows the case without prejudicing Dierbergs.

Dierbergs' opposition treats the proposed class narrowing as improper because it affects federal jurisdiction. The Eighth Circuit recently decided *Vick v. Fresh Green, LLC*, No. 26-2247, 2026 WL 2443852 (8th Cir. Aug. 20, 2026)—a Missouri putative class action removed under CAFA. There, the plaintiff amended the class definition after removal "to limit the plaintiff class to Missouri citizens," obtained remand, and had that remand affirmed on appeal. This case presents the same jurisdictional feature. Dierbergs argues *Vick* did not decide whether leave to amend was proper. ECF No. 45 at 5. That point is correct but does not resolve this motion: *Vick* applied the Supreme Court's rule that an amended pleading can bring a suit "newly outside a federal court's jurisdiction," including under CAFA. *Id*. at *2; *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025). *Vick* therefore addresses the jurisdictional premise of Dierbergs' objection; Rule 15 still supplies the standard for deciding whether leave should be granted.

Dierbergs raises three objections. None warrants denying leave under Rule 15(a)(2). Its futility argument does not identify a defect in the proposed pleading; its delay argument identifies

no pleading deadline or concrete prejudice; and its *Standard Fire* argument addresses a damages stipulation, not the proposed class definition. Plaintiff does not argue that removing punitive damages retroactively changes the amount in controversy at removal. The proposed class narrowing instead follows the route this Court identified—"redefin[ing] the class as only local citizens." ECF No. 35 at 16. Leave should be granted. Alternatively, the action should be dismissed without prejudice under Rule 41(a)(2).

## 2. The Rule 15 and Rule 41 factors favor Plaintiff.

### 2.1. Leave to Amend Should Be Freely Granted Under Rule 15(a)(2).

Rule 15(a)(2) directs that leave to amend be "freely give[n] when justice so requires," and the Eighth Circuit permits denial only for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , [or] futility of amendment." *Dennis v. Dillard Dep't Stores, Inc.*, 207 F.3d 523, 525 (8th Cir. 2000). Critically, "***delay alone is insufficient to deny a motion for leave to amend***"; the party opposing amendment "must show it will be unfairly prejudiced." *Id.* (emphasis added). The Eighth Circuit reaffirmed that framework last year in *Cheeks v. Belmar*, 162 F.4th 899, 907 (8th Cir. 2025). Dierbergs cannot make the required prejudice showing on any of its theories.

#### 2.1.1. Any right Dierbergs' had to removal does not create an exception to Rule 15.

Dierbergs characterizes the proposed class narrowing as an improper "device" that strips it of a "substantial right" to a federal forum. ECF No. 45 at 5. Plaintiff disputes that premise. Plaintiff moved to remand, and the Court stayed that motion while ordering limited jurisdictional discovery to determine whether CAFA's local-controversy exception applies based on class members' citizenship in the aggregate at the time of removal. ECF No. 35 at 14–18. The Court did not decide

that Dierbergs was entitled to remain in federal court; it directed the parties to develop the jurisdictional facts needed to resolve the remand motion. That unresolved jurisdictional dispute does not create an exception to Rule 15. *Royal Canin* confirms that an amended pleading becomes the operative pleading for jurisdictional purposes. 604 U.S. at 30, 35–36. *Vick* likewise recognizes that a post-removal amendment narrowing a class can change the jurisdictional analysis. 2026 WL 2443852, at *2–3. Plaintiff's intent to proceed in state court therefore does not itself establish bad faith or unfair prejudice. *Tillman v. BNSF Railway Co.*, 33 F.4th 1024, 1027–30 (8th Cir. 2022)

*Tillman* also explains why *Thatcher v. Hanover Insurance Group, Inc.*, 659 F.3d 1212 (8th Cir. 2011) does not control. *Tillman* distinguished *Thatcher* because the *Thatcher* plaintiff "offered no justification for dismissal without prejudice other than a desire to escape federal jurisdiction" and did not adequately explain why abandoning claims needed to avoid CAFA benefited the class. *Tillman*, 33 F.4th at 1028–29 (discussing *Thatcher*). Here, Plaintiff provides that explanation. He does not intend to pursue punitive damages, and he seeks to represent only Missouri citizens. The amendment therefore narrows both the relief sought and the people Plaintiff proposes to represent. Rather than increase Dierbergs' defense burden, it reduces the scope of the litigation and avoids further jurisdictional work concerning persons outside the proposed class. ECF No. 43 at 11. The proposed amendment follows the path this Court identified and is consistent with *Vick*'s treatment of the jurisdictional effect of an allowed class narrowing. ECF No. 35 at 16; *Vick*, 2026 WL 2443852, at *2.

Dierbergs correctly notes that *Vick* decided the effect of the amendment, not the antecedent propriety of granting leave. ECF No. 45 at 5. That distinction leaves the Rule 15 inquiry for this Court; it does not convert a jurisdictional consequence into concrete prejudice. The *Vick* district court granted leave to make the same class amendment, reasoning that it "excluded potential

plaintiffs rather than adding new parties, did not inject new factual predicates, and did not prejudice the defendants." *Vick v. Fresh Green, LLC*, No. 4:25-CV-00739, 2026 WL 280493, at *2 (W.D. Mo. Feb. 3, 2026). The proposed amendment does the same—and removes a category of relief.

### 2.1.2. The proposed amendment narrows the case without adding a new theory or prejudicing Dierbergs.

The parties agree the proposed amendment "adds no claim, defendant, transaction, or factual theory." ECF No. 45 at 4. It retains the same three claims—MMPA, unjust enrichment, and money had and received. ECF No. 42-1. It narrows the class to persons who were Missouri citizens as of commencement, *id*. ¶¶ 6, 10, 19, and eliminates any claim for punitive damages, *id*. ¶¶ 38, 59. Every person who would remain in the amended class already falls within the existing class definition. ECF No. 43 at 5. These changes narrow the case; they do not add a factual predicate or defense burden.

Dierbergs identifies no concrete litigation harm. It has already investigated and briefed the same alleged conduct and the same three claims that will remain after amendment, ECF No. 43 at 5, so it faces no new factual predicate or theory to defend. It identifies no lost witness, unavailable evidence, changed defense, or new discovery burden. The loss of a federal forum and the need to address a renewed remand motion are jurisdictional consequences, not litigation prejudice from the amendment. Dierbergs may oppose remand on the amended pleading, but it has not shown the concrete unfair prejudice required to deny leave. *Vick*, 2026 WL 280493, at *2.

### 2.1.3. Dierbergs' futility objection does not identify a defect in the proposed pleading.

"An amendment is futile if the amended claim could not withstand a motion to dismiss under Rule 12(b)(6)." *Cheeks*, 162 F.4th at 907. Dierbergs argues the Second Amended Complaint

is futile because it does not cure the deficiencies asserted in its motion to dismiss. ECF No. 45 at 4. That objection does not establish futility.

Dierbergs relies on its stayed motion to dismiss rather than identifying a defect in the proposed pleading. This Court stayed that motion pending jurisdictional discovery and has not ruled on it. ECF No. 35 at 18–19. A stay does not itself resolve the futility inquiry, but Dierbergs still must show why the proposed pleading cannot withstand Rule 12(b)(6). Its opposition does not identify an amendment-specific defect or explain why the amended pleading itself fails.

Dierbergs' premise is that the claims are deficient because the amendment "adds no claim, defendant, transaction, or factual theory." ECF No. 45 at 4. Because the proposed amendment preserves the existing claims, Dierbergs must show that the amended pleading itself cannot withstand Rule 12(b)(6). Its opposition identifies no amendment-specific defect and does not explain why the narrowed complaint fails as a matter of law. The proposed amendment's preservation of the existing claims therefore does not make it futile; it shows there is no prejudice and leaves Dierbergs to show why the pleading now before the Court cannot state a claim. That showing is absent here.

**2.1.4. The timing does not establish undue delay.**

Dierbergs contends the motion is untimely because it was filed roughly fourteen months after removal, on the day jurisdictional discovery closed. ECF No. 45 at 7. That does not warrant denial. As Dierbergs concedes, no scheduling order set a deadline to amend the pleadings, so Rule 16(b)'s good-cause standard is not triggered by any identified pleading deadline on the present record. ECF No. 45 at 3 n.1 ("As no scheduling order has been entered in this case setting a deadline to amend pleadings, Rule 16's good cause standard likely does not control."); *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). Rule 15 therefore supplies the

principal standard: “delay alone is insufficient,” and Dierbergs must show unfair prejudice. *Dennis*, 207 F.3d at 525. It cannot do so for the reasons in § 2.1.2 of this reply.

The record explains the timing. This Court’s March 25 Order identified redefining the class as a permissible path months before the motion. ECF No. 35 at 16. The Eighth Circuit issued *Vick* during the jurisdictional process, providing directly analogous guidance on the jurisdictional effect of this type of amendment. *Vick*, 2026 WL 2443852, at *1. Plaintiff’s motion responds to this Court’s roadmap and seeks to narrow the class and relief he intends to pursue. That is diligence, not dilatory conduct. Because the amendment narrows the case and eliminates the need for continued citizenship sampling, it reduces rather than expands the work remaining.

**2.1.5. *Standard Fire* does not bar the proposed amendment.**

Dierbergs argues Plaintiff’s elimination of claims for punitive damages is “legally ineffectual” under *Standard Fire Insurance Co. v. Knowles*, 568 U.S. 588 (2013), because a precertification representation cannot bind absent class members. ECF No. 45 at 5–6. *Standard Fire* holds a precertification plaintiff cannot bind absent class members to a stipulation limiting the class’s aggregate recovery below CAFA’s jurisdictional threshold. 568 U.S. at 593–95. That principle is not at issue here. Plaintiff does not contend that dropping punitive damages retroactively changes the amount in controversy fixed at removal. In his opening submission, Plaintiff explained: “Plaintiff does not contend that deleting punitive damages now retroactively changes the amount in controversy at removal. Rather, the point is one of proportionality: after conforming the pleading to the relief Plaintiff intends to seek, additional expenditures directed solely toward determining the citizenship percentage of a broader class become substantially less justified.” ECF No. 43 at 2. *Standard Fire* and *Faltermeier v. FCA US LLC*, 899 F.3d 617 (8th

Cir. 2018) address nonbinding stipulations that purport to cap the amount in controversy; they do not bar a pleading amendment that narrows the class definition and removes relief.

The class-definition amendment addresses the local-controversy exception by defining the class as Missouri citizens—the second option this Court itself identified. ECF No. 35 at 16. *Vick* distinguishes an amount-reducing amendment (which "will usually not destroy diversity jurisdiction") from a plaintiff's "selection of claims and parties," which can. *Vick*, 2026 WL 2443852, at *3. The Missouri-citizen class definition identifies the people Plaintiff seeks to represent; it does not cap the recovery available to absent class members. *Standard Fire* therefore supplies no basis to deny leave. Dierbergs' speculation that a future plaintiff might later seek punitive damages, ECF No. 45 at 10, cannot alter the analysis. The Court should assess the proposed pleading before it, and the citizenship narrowing independently addresses the local-controversy issue regardless of the punitive-damages election.

### 3. Dismissal without prejudice is independently justified under Rule 41(a)(2).

If the Court denies leave, dismissal without prejudice is warranted under Rule 41(a)(2). The Eighth Circuit weighs "whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants." *Tillman*, 33 F.4th at 1027–28. Each factor favors Plaintiff.

***Plaintiff has provided a proper explanation.*** Dierbergs relies on *Thatcher* to argue that dismissal to avoid a federal forum is impermissible forum shopping. *Thatcher* does not create a categorical bar. *Tillman* requires the Court to evaluate Plaintiff's stated purpose in context and distinguished *Thatcher* because that plaintiff offered "no adequate reason why it would benefit the class to abandon" claims needed to avoid CAFA. 33 F.4th at 1028–30. Plaintiff provides that explanation here: he seeks to remove punitive damages he does not intend to pursue and to

represent only Missouri citizens, avoiding a citizenship inquiry concerning persons outside the proposed class. ECF No. 43 at 11. Those reasons support the proper-explanation and prospective-waste factors. Unlike *Hamm*, no adverse merits ruling is imminent; Dierbergs' motion to dismiss is stayed. ECF No. 35 at 19.

***Dismissal avoids further waste of judicial resources.*** Dierbergs emphasizes work already performed. The Rule 41 inquiry is also prospective. The March 25 Order resolved legal questions and will remain useful in any refiled action. ECF No. 43 at 12. The parties nevertheless still have good-faith disputes over the scope and mechanics of citizenship discovery, and resolving them may require further conferral, briefing, and Court involvement. Dismissal avoids that work if Plaintiff proceeds on behalf of Missouri citizens alone.

***Dismissal causes no unfair legal prejudice.*** Rule 41(a)(2) protects against legal prejudice, not every expense a defendant incurs before dismissal. Legal prejudice requires more than the prospect of defending another action; discovery expense and loss of a tactical advantage do not suffice. *Blaes v. Johnson & Johnson*, 858 F.3d 508, 513 (8th Cir. 2017); *Mullen v. Heinkel Filtering Sys., Inc.*, 770 F.3d 724, 728 (8th Cir. 2014). The Eastern District of Missouri applied those principles in *Bergman v. De Smet Jesuit High Sch., Inc.*, No. 4:25-CV-00313-SPM, 2025 WL 1475408, at *3–5 (E.D. Mo. May 22, 2025), granting dismissal after a summary-judgment motion and discovery disputes because no merits ruling was imminent and the work could be used in a later action.

*Voss* is especially instructive. The court granted Rule 41(a)(2) dismissal while a motion to remand remained pending, holding that the possibility of defending the case in state rather than federal court did not constitute legal prejudice. It also declined removal costs because the defendant chose the federal forum and would have had to answer in either court. *Voss v. Union*

*Pac. R.R. Co.*, No. 4:20-CV-00848 SEP, 2021 WL 949637, at *1–3 (E.D. Mo. Mar. 12, 2021). Dierbergs retains every substantive defense to the same alleged conduct and the same three claims. The refiled action would be narrower: it would exclude non-Missouri citizens and omit punitive damages. This Court has not ruled on Dierbergs' stayed motion to dismiss; no trial, summary-judgment ruling, or other merits determination has occurred. Dierbergs may have incurred fees and costs for removal, opposing remand, and jurisdictional discovery, but those expenditures identify no lost defense, unavailable evidence, impaired witness, or other legal position. A return to state court would be the jurisdictional consequence of the narrower pleading, not, without more, legal prejudice from dismissal. Nor does speculation about different relief by a future plaintiff or class representative establish present legal prejudice. *Tillman* confirms that the ordinary need to defend a later action is not, by itself, legal prejudice. 33 F.4th at 1030.

Rule 41(a)(2) permits reasonable conditions, and reasonable attorneys' fees may be appropriate in a proper case. *Belle-Midwest, Inc. v. Mo. Prop. & Cas. Ins. Guar. Ass'n*, 56 F.3d 977, 978–79 (8th Cir. 1995). *Voss*, 2021 WL 949637, at *2–3, declined to impose removal costs where the defendants chose the federal forum, the motion to remand remained pending, and the case was still at an early stage; *Bergman* likewise declined fees where the defendant's work remained largely usable in a later action, 2025 WL 1475408, at *3–5. This case involved more jurisdictional discovery than *Voss*, but Dierbergs' production shows why wholesale reimbursement is unwarranted: it includes transaction-level data on dates, stores, receipts, products, prices, quantities, and available customer-identifying information, along with materials concerning customer origins. That factual work remains useful for class-member identification, class certification, and merits discovery concerning the same transactions and alleged conduct. Dierbergs seeks reimbursement of all fees and costs incurred in removing the case, opposing

remand, and conducting jurisdictional discovery. ECF No. 45 at 11. Dierbergs identifies no particular task that cannot be reused and does not explain why Plaintiff should pay for work that remains relevant after refiling. The Court should deny a fee condition. If it imposes one, the condition should require an itemized showing and be limited to reasonable, nonduplicative expenses for work that cannot reasonably be used in the later proceeding. Plaintiff does not oppose procedural terms preserving confidentiality and preventing unnecessary duplication.

### 4. The Court should grant leave or, alternatively, dismiss without prejudice.

The Court should grant Plaintiff leave to file the proposed Second Amended Class Action Complaint. The proposed pleading narrows the class to Missouri citizens and omits punitive damages while preserving the same alleged conduct and three claims. After Plaintiff files that pleading, the Court should suspend further citizenship-related jurisdictional discovery and permit Plaintiff to renew his motion to remand based on the operative complaint. If the Court denies leave, it should dismiss this action without prejudice under Rule 41(a)(2), subject only to reasonable, targeted conditions preserving confidentiality, preventing unnecessary duplication, and limiting any cost award to reasonable, nonduplicative expenses for work that cannot reasonably be reused.

**ONDERLAW, LLC**

By: /s/ *Jesse B. Rochman*
Martin L. Daesch, #40494
Jesse B. Rochman, #60712
110 E. Lockwood Ave.
St. Louis, MO 63119
(314) 963-9000 (telephone)
(314) 963-1700 (facsimile)
daesch@onderlaw.com
rochman@onderlaw.com
*Attorneys for Plaintiff*

## Certificate of Service

I certify that on August 31, 2026, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

*/s/ Jesse B. Rochman*