**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARK CARR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cv-00832-JAR |
| | ) | |
| DIERBERGS MARKETS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter is before the Court on Plaintiff Mark Carr's motion for leave to file a second amended complaint or to voluntarily dismiss this case without prejudice. Carr originally filed this putative class action in state court in April 2025 alleging that Defendant Dierbergs Markets unlawfully charged sales taxes on wood and propane gas in violation of the Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.025. Dierbergs timely removed the case to this Court under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d).

In June 2025, Carr moved to remand the case, arguing that federal jurisdiction is lacking because the amount in controversy is below CAFA's $5 million threshold, CAFA's local controversy exception applies, and Dierbergs failed to plausibly allege minimal diversity. (Doc. 15). In August 2025, Dierbergs filed a motion to dismiss the case on various theories under Rule 12(b)(6), Fed. R. Civ. P. (Doc. 22). Briefing on the two motions continued into February 2026. On March 25, 2026, the Court stayed the pending motions and directed the parties to conduct limited discovery regarding the citizenship of putative class members as relevant to the Court's jurisdiction under CAFA. (Doc. 35). On the last day for this limited discovery, Carr filed the instant motion for leave to file a second amended complaint or, alternatively, to voluntarily dismiss the case without prejudice. (Doc. 42). Specifically, Carr now seeks to amend the putative

class definition to include Missouri citizens only and forgo punitive damages, which would likely dispossess the Court of jurisdiction under CAFA. Dierbergs opposes the motion, citing prejudicial delays and unnecessary litigation costs. Dierbergs asks the Court to deny the motion or, alternatively, to order Carr to reimburse Dierbergs for its fees and costs incurred in removing the case, litigating the motion to remand, and responding to jurisdictional discovery.

Upon review of the parties' filings, the Court finds Dierbergs' arguments well founded insofar as Carr's strategic pivot renders moot much of the motion litigation and discovery undertaken to date, resulting in unnecessary delays and costs. Under these circumstances, Rule 41 allows a court to impose conditions in connection with a plaintiff's motion for voluntary dismissal. Fed. R. Civ. P. 41(a)(2). "The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side." *Simmons v. Union Pac. R. Co.*, 2006 WL 2850355, at *1 (E.D. Mo. Oct. 2, 2006) (quoting *Paulucci v. City of Duluth,* 826 F.2d 780, 782 (8th Cir. 1987)). "When granting a voluntary dismissal, a district court may condition the dismissal on plaintiff's payment of costs and attorney's fees if the case is refiled." *Id*. (citing *Belle-Midwest, Inc. v. Missouri Property & Cas. Ins. Guarantee Ass'n,* 56 F.3d 977, 978 (8th Cir. 1995)). Carr opposes any such condition but alternatively submits that any fee award should be reasonable and limited to work that could not be repurposed in future proceedings.[1]

In weighing the equities, the Court finds it necessary to gain a better understanding of Dierbergs' costs in this matter before ruling on Carr's motion or determining what if any portion of those costs should be conditionally assessed to Carr. To that end, the Court will direct counsel for Dierbergs to submit their billing records reflecting work attributable to any litigation and

[1] Dierbergs asks the Court to strike Carr's reply brief because it was filed one business day out of time on an expedited briefing schedule. (Doc. 44). Finding no prejudice, the Court will deny the motion. (Doc. 47).

discovery that would not have been necessary in light of Carr's proposed second amended complaint. Counsel may file general invoices and/or billing summaries under seal pursuant to Local Rule 13.05(A)(4)(h) (by order of the Court requiring no further action) and, if necessary, may move for leave to submit more detailed records for review *in camera*.

Accordingly,

**IT IS HEREBY ORDERED** that counsel for Defendant is directed to submit relevant billing records by **September 16, 2026**. Counsel may file records under seal pursuant to Local Rule 13.05(A)(4)(h).

**IT IS FURTHER ORDERED** that Defendant's motion to strike Plaintiff's reply is **DENIED**. (Doc. 47).

Dated this 2nd day of September, 2026.

John A. Ross

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE