**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| Mark Allen Carr,<br><br>Plaintiff,<br>vs.<br><br>Dierbergs Markets, Inc.,<br><br>Defendant. | Civil Action No. 4:25-cv-832-JAR<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT DIERBERGS MARKETS, INC'S MOTION FOR LEAVE TO SUBMIT UNREDACTED ATTORNEY BILLING RECORDS FOR *IN CAMERA* REVIEW**

COMES NOW Defendant Dierbergs Markets, Inc. ("Dierbergs"), by and through counsel, and submits its Motion for Leave to Submit Unredacted Attorney Billing Records for *In Camera* Review (the "Motion"). In support of its Motion, Dierbergs states as follows:

1. Following briefing on Plaintiff Mark Allen Carr's motion for leave to file his second amended complaint or, in the alternative, to voluntarily dismiss without prejudice, the Court entered an Order directing counsel for Dierbergs to submit relevant billing records for the Court's review. ECF No. 48 at 3.

2. The Court specified that counsel for Dierbergs should "submit their billing records reflecting work attributable to any litigation and discovery that would not have been necessary in light of Carr's proposed second amended complaint." *Id.* at 2–3.

3. The Court further directed counsel for Dierbergs to file "general invoices and/or billing summaries under seal pursuant to Local Rule 13.05(A)(4)(h) . . . ." *Id.* at 3.

4. Additionally, the Court stated that "if necessary, [counsel for Dierbergs] may move for leave to submit more detailed records for review *in camera*."

5. Contemporaneous with the Motion, counsel for Dierbergs submits under seal their

high-level billing summaries reflecting work attributable to litigation and discovery that would have been unnecessary in light of Carr's proposed amended complaint for which Dierbergs requests reimbursement in the event that the Court conditionally grants Plaintiff's motion to dismiss without prejudice.

6. If the Court wishes to review more detailed records, at the Court's suggestion, Dierbergs moves for leave to submit unredacted versions of such detailed billing records for the Court's *in camera* review because the records contain records of attorney-client communications and information otherwise privileged or protected from disclosure under the work-production doctrine.

7. The Court enjoys broad discretion to grant such procedural requests to protect privileged information contained within attorney billing records. *See ResCap Liquidating Tr. v. Primary Residential Mortg., Inc.*, 59 F.4th 905, 921 (8th Cir. 2023).

8. Alternatively, Dierbergs seeks leave to file such detailed billing records under seal and with redactions to avoid undue disclosure of records of attorney-client communications and/or information otherwise privileged or protected by the work-production doctrine.

WHEREFORE, Dierbergs respectfully requests that the Court enter an Order granting counsel for Dierbergs leave to file unredacted attorney billing records for the Court's *in camera* review.

Dated: September 16, 2026

Respectfully submitted,

**HUSCH BLACKWELL LLP**

By: */s/ Tanner M. Cook*
Glennon P. Fogarty, Bar No. 42983MO
Michael Klebanov, Bar No. 66540MO
Tanner M. Cook, Bar No. 71846MO
8001 Forsyth Blvd., Suite 1500
St. Louis, Missouri 63105
(314) 480-1500
(314) 480-1505 Fax
Glennon.Fogarty@huschblackwell.com
Michael.Klebanov@huschblackwell.com
Tanner.Cook@huschblackwell.com

***Attorneys for Defendant Dierbergs Markets, Inc.***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 16, 2026, the above and foregoing was filed with the Clerk of the Court through the CM/ECF system, which will send electronic notification to all counsel of record.

By: */s/ Tanner M. Cook*