**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| Mark Allen Carr,<br><br>Plaintiff,<br><br>vs.<br><br>Dierbergs Markets, Inc.,<br><br>Defendant. | Case No. 4:25-cv-832 |

## Plaintiff's Response to Defendant's Motion for Leave to Submit Unredacted Attorney Billing Records for *In Camera* Review

Plaintiff Mark Carr does not oppose Defendant Dierbergs Markets, Inc.'s request for leave to provide the Court additional billing information if the Court concludes more detailed records are necessary. ECF No. 49. If the Court denies leave to amend and reaches Plaintiff's alternative request for dismissal under Rule 41(a)(2), however, Plaintiff respectfully asks the Court to use Dierbergs' alternative procedure: file the detailed records under seal with appropriate redactions, rather than submit them only for *in camera* review. ECF No. 49 ¶ 8. That procedure protects legitimate privilege interests while permitting Plaintiff to address whether any requested fees are reasonable, nonduplicative, attributable to the requested dismissal, and unavailable for use in a later action.

**1. If the Court reaches a fee condition, sealed and appropriately redacted billing records are preferable because they protect privilege without eliminating adversarial testing.**

The Court directed Dierbergs to submit billing records reflecting work attributable to litigation and discovery that would not have been necessary under Plaintiff's proposed amendment. ECF No. 48 at 2–3. The Court authorized sealed general invoices or billing summaries and permitted Dierbergs, if necessary, to seek leave to submit more detailed records for *in camera* review. *Id.*

Dierbergs now requests that relief but also proposes an alternative: filing detailed records under seal with redactions necessary to protect attorney-client communications and attorney work product. ECF No. 49 ¶¶ 6–8. Plaintiff does not oppose the production of additional detail; he submits that Dierbergs' alternative is the better procedure if the Court reaches a potential fee condition.

*ResCap Liquidating Trust v. Primary Residential Mortgage, Inc.*, 59 F.4th 905 (8th Cir. 2023), supports that approach. *ResCap* recognizes the district court's broad procedural discretion to protect privileged material in attorney billing records. *Id.* at 921. But the fee opponent there also received attorney affidavits, billing-related information, challenged the requested fees, and had an opportunity to address reasonableness while the district court used redactions and *in camera* review to protect

privileged material. *Id.* at 920–21. The Eighth Circuit affirmed because the opponent failed to show that the procedure hindered its "ability to properly challenge the billing records." *Id.* at 921.

The same balance is available here. Dierbergs can redact substantive attorney-client communications and protected attorney mental impressions while disclosing the date, timekeeper, hours, rate, and a sufficiently general description of each task to permit a reasoned challenge. If a particular redaction presents a privilege dispute, Dierbergs can provide the unredacted entry to the Court *in camera*. That process protects privilege without requiring the Court to decide a contested monetary condition on a record Plaintiff cannot meaningfully test.

**2. Any fee condition must be limited to reasonable, nonduplicative work that dismissal made unusable, and this case's procedural posture weighs against wholesale reimbursement.**

A Rule 41(a)(2) fee condition is discretionary, not automatic. *Blaes v. Johnson & Johnson*, 858 F.3d 508, 516 (8th Cir. 2017). The most important considerations include "the time and effort invested by the parties, and the stage to which the case had progressed." *Id.* (quoting *Kern v. TXO Production Corp.*, 738 F.2d 968, 972 (8th Cir. 1984)). Courts also exclude expenses for work that can be reused in a later action. *See*

*Mullen v. Heinkel Filtering Systems, Inc.*, 770 F.3d 724, 729 (8th Cir. 2014); *Bergman v. De Smet Jesuit High School, Inc.*, No. 4:25-CV-00313-SPM, 2025 WL 1475408, at *4–5 (E.D. Mo. May 22, 2025).

Although the Court has found Dierbergs' unnecessary-cost argument "well founded," ECF No. 48 at 2, that finding does not resolve which specific fees, if any, should be shifted or what amount would be reasonable. Those questions remain governed by the nature of the work, whether it was reasonably performed, whether it was duplicative, and whether it remains useful after refiling.

The case has not reached the posture that ordinarily supports broad fee shifting. Dierbergs filed a motion to dismiss, but the Court stayed that motion without ruling on the merits. ECF No. 35. No summary-judgment motion has been filed, no trial or merits discovery has occurred, and the Court has held no status or scheduling conference. The discovery conducted was limited to the jurisdictional inquiry the Court authorized. These circumstances favor a targeted inquiry into particular entries rather than reimbursement by category or assumption. *See Bergman*, 2025 WL 1475408, at *4–5; *Radoncic v. Pinnacle Entertainment, Inc.*, No. 4:15-CV-00215-JCH, 2015 WL 4232797, at *2 (E.D. Mo. July 13, 2015).

**3. Removal expenses require separate scrutiny because Dierbergs chose the federal forum, and reusable jurisdictional work cannot be shifted merely because Plaintiff seeks dismissal.**

*Voss v. Union Pacific Railroad Co.*, No. 4:20-CV-00848 SEP, 2021 WL 949637 (E.D. Mo. Mar. 12, 2021), is particularly instructive on removal expenses. There, the court declined a Rule 41(a)(2) cost condition in an early-stage removed case, explaining that "the costs of removal were voluntarily incurred, as Defendants chose to seek a federal forum." *Id.* at *2. The court also emphasized the general rule that courts impose few or no conditions early in a case when the defendant faces, at most, relitigation in another forum. *Id.*

*Voss* does not make removal expenses categorically unrecoverable. It does show why those expenses should not be treated as presumptively compensable. Dierbergs chose to remove this action, and Plaintiff challenged federal jurisdiction. If the Court reaches a fee condition, removal-related work should be evaluated separately under Rule 41's equitable standard rather than included simply because dismissal could return the dispute to state court.

The same principle applies to jurisdictional discovery. In *Mullen*, the Eighth Circuit affirmed a dismissal without fees even after the defendants answered interrogatories and produced approximately 3,500 pages because no great progress had been made and almost all the

defendants' work could be used in the state litigation. 770 F.3d at 729. *Bergman* likewise declined a fee condition where the case remained early and the defendant's work could be reused. 2025 WL 1475408, at *4–5. To the extent jurisdictional work here produced information or analysis that remains useful in a narrowed state-court action, Rule 41 does not support shifting that work merely because Plaintiff seeks dismissal in the alternative.

#### 4. Plaintiff must know the amount and terms of any fee condition before dismissal becomes effective because Rule 41 permits him to reject an unduly burdensome condition and proceed with the case.

Plaintiff's request for voluntary dismissal is alternative relief. His primary request remains leave to file the proposed Second Amended Complaint. If the Court denies leave and determines that dismissal should carry a monetary condition, Plaintiff requests he be allowed to evaluate the actual condition before deciding whether dismissal remains preferable to continuing this action.

Eastern District authority recognizes that choice. "Under . . . Rule [41(a)(2)], a plaintiff has the choice between accepting the conditions and obtaining dismissal and, if he feels that the conditions are too burdensome, withdrawing his dismissal motion and proceeding with the case on the merits." *American Equity Mortgage, Inc. v. Vinson*, 2007 WL

1862987, at *2 (E.D. Mo. June 28, 2007) (quoting *GAF Corp. v. Transamerica Insurance Co.*, 665 F.2d 364, 367–68 (D.C. Cir. 1981)). Other decisions in this District have followed the same procedure by determining the recoverable amount and then giving the plaintiff an opportunity to accept the condition or withdraw the dismissal request. *See Heitert v. Mentor Corp.*, 2007 WL 4051644, at *2 (E.D. Mo. Nov. 15, 2007).

Plaintiff therefore respectfully requests the Court not make dismissal effective subject to an unknown or unresolved monetary obligation. If the Court determines a fee condition is warranted, Plaintiff respectfully requests the Court first permit adversarial testing of the detailed billing records, determine the reasonable amount and terms of the condition, and then allow Plaintiff to accept those terms or withdraw his alternative Rule 41(a)(2) request.

**WHEREFORE,** Plaintiff does not oppose Dierbergs' request for leave to provide additional billing records. If the Court denies leave to amend and reaches a potential Rule 41(a)(2) fee condition, Plaintiff respectfully requests Dierbergs provide detailed billing records under seal with appropriate privilege and work-product redactions; Plaintiff be permitted to address the reasonableness, necessity, duplication, and prospective utility of the claimed work; and the Court determine the

amount and terms of any condition before permitting Plaintiff to accept dismissal or proceed with this action.

**ONDERLAW, LLC**

By: */s/ Jesse B. Rochman*
Martin L. Daesch, #40494
Jesse B. Rochman, #60712
110 E. Lockwood Ave.
St. Louis, MO 63119
(314) 963-9000 (telephone)
(314) 963-1700 (facsimile)
daesch@onderlaw.com
rochman@onderlaw.com
*Attorneys for Plaintiff*

**Certificate of Service**

I certify that on September 17, 2026, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

*/s/ Jesse B. Rochman*