**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| Mark Allen Carr,<br><br>Plaintiff,<br>vs.<br><br>Dierbergs Markets, Inc.,<br><br>Defendant. | Civil Action No. 4:25-cv-832-JAR<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT DIERBERGS MARKETS, INC'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO SUBMIT UNREDACTED ATTORNEY BILLING RECORDS FOR *IN CAMERA* REVIEW**

Defendant Dierbergs Markets, Inc. ("Dierbergs") submits this brief response in support of its motion for leave to submit unredacted attorney billing records for *in camera* review (the "Motion").

Plaintiff's eight-page response to Dierbergs' two-page, non-contentious Motion is a prime example of how Plaintiff has needlessly driven up Dierbergs' litigation costs in this action. At the Court's suggestion, Defendant moved for leave to file detailed billing records for *in camera* review. ECF No. 49; *see also* ECF No. 48 (Order directing Dierbergs to submit relevant general invoices or billing summaries for the Court's review and stating that "if necessary, [Dierbergs' counsel] may move for leave to submit more detailed records for review *in camera*."). The next day, Plaintiff filed his response requesting that the Court adopt Dierbergs' requested alternative procedure to submit billing records with redactions under seal.

But Plaintiff's response also went several steps further, wading into the merits of several issues that are simply not ripe or relevant to decide Dierbergs' non-contentious Motion. The Court has not yet granted Plaintiff's motion to voluntarily dismiss, nor has it granted Dierbergs' request

for a fee award. But Plaintiff improperly treats both as a foregone conclusion and preemptively argues against the potential of a broad fee-shifting award, despite the Court asking Dierbergs' counsel to submit a limited set of billing records reflecting work completed in light of Plaintiff's proposed second amended complaint and Dierbergs' counsel so limiting their submission of billing summaries. *Compare id.* at 4 ("The case has not reached the posture that ordinarily supports broad fee shifting."), *with* ECF No. 48 at 2-3 ("[T]he Court will direct counsel for Dierbergs to submit their billing records reflecting work attributable to any litigation and discovery that would not have been necessary in light of Carr's proposed second amended complaint.") *and* ECF No. 49 at ¶ 5; ECF No. 50. Rather than wait for the appropriate time to brief the fairness of a future fee award and what work such an award should cover, Plaintiff has decided to brief these issues preemptively. But the Court need not reach them unless and until it finds the award of such fees just and proper.

Plaintiff's response also suggests that Plaintiff is preparing to conduct protracted litigation regarding the fairness of a theoretical fee award. *Id.* at 7 ("If the Court determines a fee condition is warranted, Plaintiff respectfully requests the Court first permit adversarial testing of the detailed billing records . . . ."). Any additional motions practice related to such a fee award would again only increase Dierbergs' expenses. If Dierbergs is dragged into extensive litigation over yet another side-issue, Dierbergs will request leave to file supplemental billing summaries reflecting costs incurred litigating such matters. ECF No. 48 at 3.

Dierbergs reserves its rights to more fully brief the issues related to a Court ordered fee award if and when such issues are properly before the Court. Before those issues become ripe, Dierbergs respectfully requests that the Court grant its motion for leave to file unredacted billing records for the Court's *in camera* review. ECF No. 51 at 2.

Dated: September 28, 2026

Respectfully submitted,

**HUSCH BLACKWELL LLP**

By: /s/ *Tanner M. Cook*
Glennon P. Fogarty, Bar No. 42983MO
Michael Klebanov, Bar No. 66540MO
Tanner M. Cook, Bar No. 71846MO
8001 Forsyth Blvd., Suite 1500
St. Louis, Missouri 63105
(314) 480-1500
(314) 480-1505 Fax
Glennon.Fogarty@huschblackwell.com
Michael.Klebanov@huschblackwell.com
Tanner.Cook@huschblackwell.com

***Attorneys for Defendant Dierbergs Markets, Inc.***